LEWIS, MAYOR, ET AL., APPELLANTS, v. DENVER CITY
WATER WORKS CO., APPELLEE.

1. LEGISLATIVE IMMUNITY.

It is a general principle in our governmental system that the judicial
department has no direct control over the legislative department,
and this principle extends to the local legislative bodies of munici-
pal corporations.

A city council or board of trustees of an incorporated town when acting,
or proposing to act, in a legislative capacity upon a subject within
the scope of its powers as conferred by its charter or by the general
laws of the state, is entitled to immunity from judicial interference.

2. QUÆRE.

Whether a court of equity may restrain by injunction the action of the
legislative body of a municipality from passing an ordinance, reso-
lution or order, when it is made to appear that its mere passage
would immediately occasion, or be immediately followed by, some
irreparable loss or injury beyond the power of redress by subsequent
judicial proceedings.

*Appeal from the District Court of Arapahoe County.*

ACTION by an incorporated water company to enjoin the
mayor and trustees of an incorporated town from passing
any resolution or ordinance in conflict with a certain contract
between the plaintiff and said municipality. A preliminary
injunction was granted as prayed for, and on final hearing
the same was continued during the existence of said contract.
The defendants appeal.

The printed brief filed in this court by counsel for the
Water Company contains a statement of the controversy as
follows:

" This action arose by reason of the fact that the board of
trustees of the town of Highlands threatened to pass, and
were about to pass, an ordinance granting to the Citizens
Water Company the right to construct and operate water-
works in the town of Highlands, in direct violation of the
exclusive grant theretofore made to the Beaver Brook Water
Company with reference to that matter, and it is an action

brought to enjoin the board of trustees from passing such ordinance or granting such rights to the Citizens Water Company. The answer of the board discloses the fact that appellee's petition for an injunction was well founded in that it admits that said board had taken certain steps looking to the passage of an ordinance granting such rights to the Citizens Water Company; and in fact the proposed ordinance, which it seems the board had agreed to pass, is set forth in terms in the answer in this action, thereby showing clearly, that if appellee, under the Constitution and laws of Colorado, is entitled to maintain its grant and franchise in its exclusive character, then a clear violation of its rights was about to be committed by appellants, and we now make further suggestion that under the ordinance as it was sought to be passed by the defendants (appellants herein), it constituted a clear violation of the terms of appellee's contract with the town of Highlands, because it not only sought to permit the Citizens Water Company to construct a system of waterworks for supplying the inhabitants with water, in direct competition with appellee, but it went further, and created a contract between the town of Highlands as a municipality and the Citizens Water Company for the supplying of at least a portion of the town of Highlands with hydrants and water for municipal purposes. This of itself, we apprehend, irrespective of the graver questions which are involved in this suit, would be amply sufficient to warrant the court not only in granting, but in making perpetual, the injunction against the town from passing the ordinance as proposed and set forth in the answer in this case."

The plaintiff company asserts its claims under said contract as assignee and successor to the Beaver Brook Water Company. The prayer of the complaint is as follows:

"Wherefore, plaintiff prays that a temporary injunction and enjoining order may issue out of this honorable court and under the seal thereof, enjoining, restraining and prohibiting the said defendants, each of them, as officers of the said town of Highlands, from entering into any contract or agreement

whatsoever with the said The Citizens Water Company for supplying the said town or the citizens thereof, or any part or portion thereof with water for any purpose whatsoever, or by resolution, ordinance, or in any other way or manner, authorizing, permitting or consenting to the said The Citizens Water Company furnishing a supply of water to the said town or to the inhabitants thereof, or to any part or portion thereof, until the further order of the court in the premises; and that, upon the final hearing hereof the said injunction be made perpetual; and for the costs of this action."

Mr. G. G. SYMES, Messrs. HELM & GOUDY, Mr. E. M. SHERIDAN and Mr. F. A. BURDICK, for appellants.

Mr. CHARLES HARTZELL, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The prayer for relief generally indicates the nature of a bill in chancery. The pleadings in this action are too voluminous to be set forth at length in this opinion; they extend through 90 pages of the printed abstract; but the prayer of the complaint and a paragraph from the brief of counsel for the Water Company sufficiently show the gravamen of the complaint. See foregoing statement.

It is a general principle in the governmental system of this country that the judicial department has no direct control over the legislative department. Each department of the state government is independent within its appropriate sphere. Legislative action by the general assembly cannot be coerced or restrained by judicial process. As was said in another case by this court, " the legislature cannot be thus compelled to pass an act, even though the constitution expressly commands it; nor restrained from passing an act, even though the constitution expressly forbids it."

The same principle with perhaps some exceptions, or seeming exceptions, extends to the local legislative bodies of

municipal corporations; a court of equity cannot properly interpose any obstacle to the exercise of their legislative discretion upon a subject within the scope of their delegated powers. A municipal ordinance, passed in pursuance of valid authority emanating from the state legislature, has the same force and effect, within proper limits, as if passed by the legislature itself. It follows, as a logical sequence, that a city council or board of trustees of an incorporated town when acting, or proposing to act in a legislative capacity upon a subject within the scope of its powers as conferred by its charter.or by the general laws of the state, is entitled to immunity from judicial interference. It is true, the municipal legislative body may adopt an illegal ordinance; so the state legislature may enact an unconstitutional statute; the remedy is the same in either case. By proper and timely application to the courts the enforcement of the unconstitutional statute, as well as the enforcement of the illegal ordinance, may be restrained or corrected. In such case, however, the judicial process is executed against some ministerial or administrative officer, or against some individual or corporation; and thus all substantial injury is averted without direct interference with legislative action or discretion. The supreme court of Illinois has recently delivered an elaborate opinion upon this subject. See *Stevens v. St. Mary's Training School*, 32 North East. Rep. 962, and cases there cited; also, 2 High on Injunctions, § 1243; 1 Dillon on Mun. Corp. (4th ed.) § 308; *Alpers v. City & County of San Francisco*, 32 Fed. Rep. 506; *Greenwood Land Co. v. Routt*, 17 Colo. 162; *C. C. R. R. Co. v. Lea et al.*, 5 Colo. 192; *Phillips.v.* *City of Denver, ante*, 179.

Were defendants acting or proposing to act in a matter within the scope of their authority and requiring the exercise of their legislative discretion, when they were enjoined in this action? When this action was commenced, the town of Highlands was a duly incorporated town under the general laws of this state. The defendant Lewis, as mayor, and the other defendants, Breon, Harvey, Shaw, Lee, Jackson and

Kooken as trustees, constituted the board of trustees of said town. Every board of trustees of an incorporated town under the general laws of this state is, by act of the general assembly, invested with extensive powers, including the power to pass regulations and ordinances having the effect of legislative acts in a large variety of cases. Among the powers thus granted, is the power to lay out, open, improve and regulate the use of the streets. The power to regulate the opening in the streets for the laying out of gas or water mains and pipes, and to regulate the use of sidewalks along the streets and alleys, and all structures thereunder, is expressly and specifically conferred by general law upon the boards of trustees of incorporated towns : Act of 1877, § 14, clause 7 ; see Gen. Laws, p. 880 ; Gen. Stats., p. 695 ; 2 Mills An. Stats., p. 2262.

From what has already been said, it is apparent that the granting of the injunction in this case was an improper exercise of judicial power. It interfered with the legislative discretion of the board of trustees of the town of Highlands. The injunction restrained the board from acting in its legislative capacity upon a matter clearly within the scope of the powers confided to it by the general laws of the state. The board was clothed with authority to pass ordinances in respect to the construction and operation of waterworks in said town. Whether the proposed ordinance granting to the Citizens Water Company the right to construct and operate such works would have been valid, or whether it would have been void by reason of its being in violation of an existing contract between the plaintiff company and said town of Highlands, is immaterial in this action. The passage of the proposed ordinance being within the scope of the legislative power conferred upon the mayor and trustees, the granting of the injunction was an erroneous interference with their legislative functions. As was said by Mr. Justice Field in *Alpers v. San Francisco, supra* : " Municipal corporations are instrumentalities of the state for the more convenient administration of local affairs, and for that purpose are invested with

certain legislative power. In the exercise of that power, upon the subjects submitted to their jurisdiction, they are as much beyond judicial interference as the legislature of the state. The courts cannot in the one case forbid the passage of a law nor in the other the passage of a resolution, order, or ordinance. If by either body, the legislature or the board of supervisors, an unconstitutional act be passed, its enforcement may be arrested. The parties seeking to execute the invalid act can be reached by the courts, while the legislative body of the state, or of the municipality, in the exercise of its legislative discretion, is beyond their jurisdiction. The fact that in either case the legislative action threatened may be in disregard of constitutional restraints, and impair the obligation of a contract, as alleged in this case, does not affect the question. It is legislative discretion which is exercised, and that discretion, whether rightfully or wrongfully exercised, is not subject to interference by the judiciary."

There seems to be some diversity of opinion upon this subject; or, as we have intimated, there may be exceptions to the doctrine of non-interference. For example: If it should be made to appear that the legislative body of a municipality was about to pass some ordinance, resolution or order, and that its mere passage would *immediately* occasion, or be *immediately* followed by, some irreparable loss or injury beyond the power of redress by subsequent judicial proceedings, a court of equity might perhaps extend its strong arm to prevent such loss or injury. This view was indicated by judges Sawyer and Hoffman in *Spring Valley Water Co. v. Bartlett, Mayor*, 16 Fed. Rep. 615. So in *Davis v. The Mayor of New York*, 1 Duer's Reps. 498, Mr. Justice Duer, speaking upon this subject, said: "A court of equity will not interfere to control the exercise of a discretionary power, when the discretion is legally and honestly exercised—and it has no reason to believe the fact is otherwise—but will interfere, whenever it has grounds for believing that its interference is necessary to prevent abuse, injustice, or oppression, the violation of a trust, or the consummation of a fraud. It will interfere—

and it is bound to interfere—whenever it has reason to believe that those in whom the discretion is vested, are prepared illegally, wantonly, or corruptly, to trample upon rights, and sacrifice interests, which they are specially bound to watch over and protect." This case was subsequently affirmed by the New York court of appeals in 14 N. Y., 506.

It is an exceedingly delicate matter for the courts to interfere by injunction with the action, or contemplated action, of a legislative body in any case; and such interference cannot be justified except perhaps in extreme cases and under extraordinary circumstances. No ground for such interference is presented in the present case; and as the members of the municipal board are the only defendants, no relief can be granted in this action. Entertaining these views, it would be manifestly inconsistent as well as improper to intimate any opinion as to the validity of plaintiff's claim to the exclusive right to construct and operate water-works for supplying the town of Highlands and its inhabitants with water. The judgment of the district court is reversed, and the cause remanded with directions to dismiss the action.

*Reversed.*