665 P.2d 1075

John I. BURT, on behalf of himself and all other residents and property owners in the City of Idaho Falls, Idaho similarly situated, Appellants,

v.

The CITY OF IDAHO FALLS, Idaho, and the City Council of said city, said council consisting of Thomas V. Campbell, Mayor, Charles L. Clark, Melvin L. Erickson, James R. Freeman, Paul L. Hovey, Sam S. Sakaguchi and Ralph M. Wood, Councilmen, Respondents.

No. 13806.

Supreme Court of Idaho.

July 7, 1983.

C. Timothy Hopkins and Larry Lee Goins of Hopkins, French, Crockett & Springer, Idaho Falls, for appellants.

Arthur L. Smith of Albaugh, Smith, Pike, Smith & Anderson, Idaho Falls, for respondents.

David L. Metcalf of Langroise, Sullivan & Smylie, Boise, for intervenors/respondents.

DONALDSON, Chief Justice.

This controversy involves the annexation of approximately 68.78 acres of land by the city of Idaho Falls. The annexation was requested by several owners of the land. The City Planning and Zoning Commission and the City Council conducted hearings and other required procedures preliminary to annexation, zoning and amendment of its Comprehensive Plan. The annexed land was then zoned C–1 (commercial) by the city. The land had been previously zoned by the county as R–1 (single-family residential).

The appellant, John I. Burt, claims to be a resident of Idaho Falls whose dwelling is located within approximately one block of the annexed land. Burt also contends that he is a proper representative of more than 800 other residents and property owners of the city who have been adversely affected by the city's actions. Seeking review of the city's actions, Burt on his own behalf as well as that of others filed a Notice of Appeal and Petition for Review in the district court under I.C. §§ 67–6521, 67–5215 and I.R.C.P. 83(c).

Respondents moved to dismiss the appeal on grounds that the appeal procedure was improper and that the district court was without jurisdiction. After briefing and oral argument, the district court filed its memorandum decision and order dismissing the appeal and petition on the ground that the controversy was not ripe for judicial review—no decision granting or denying a land use permit was involved.[1] Relying upon *Cooper v. Board of County Commissioners of Ada County*, 101 Idaho 407, 614 P.2d 947 (1980), Burt moved to vacate that order. After further briefing and oral argument, the district court filed its final memorandum decision and order denying the motion on the ground that the action complained of was "legislative" and was not "quasi-judicial" in nature. Burt appeals from this last order.

To reach a proper resolution of this appeal, the question to be answered is whether the district court erred in characterizing as "legislative" the activity of the City of Idaho Falls in the annexation, amendment of its comprehensive plan, and zoning of the annexed land. We hold that the trial court properly characterized the questioned activity as legislative and therefore not subject to direct judicial review.[2]

1. The district court's April 3, 1980, memorandum decision and order recited in part that:

"The review provided for in the [Local Planning] Act channels the issues into specific land use and particularized aggrieved or affected person issues.

"Appellant argues that any permit under any of the new plan and zone changes appli-

cable to the annexed land will aggrieve him. The nebulous issues, hypothetical and unspecific, are not ripe for appropriate judicial review."

2. Direct judicial review in this case means an appellate process by which land use decisions by local authorities are appealed to a judicial forum. While we hold that a legislative zoning

I.R.C.P. 83(c) provides in part that "*[w]here provided by statute,* any final decision of any administrative or governmental agency, body or board may be appealed to the district court." (Emphasis added.) To determine if the appellant, Burt, has an avenue of appeal from the decision of the city council requires an examination of the provisions of the "Local Planning Act of 1975," Title 67, Ch. 65, I.C., and a determination of whether the questioned activity is legislative or quasi-judicial. Burt contends that pursuant to I.C. § 67–6521 that he was entitled to bring an appeal to the district court. We disagree.

■ The annexation ordinance was silent as to the zoning of the annexed land; therefore, it came into the city as unzoned land.[3] *Ben Lomond, Inc. v. City of Idaho Falls,* 92 Idaho 595, 599, 448 P.2d 209, 213 (1968) ("the county zoning ordinance ceased to apply once the land in question was removed from the county's jurisdiction by annexation. The land was from that time subject to the city's jurisdiction"); *cf. Harrell v. City of Lewiston,* 95 Idaho 243, 244, 506 P.2d 470, 471 (1973) (annexation ordinance adopted county zoning ordinance for annexed area by reference). The annexed land was not rezoned by the city but initial-

ly zoned. *See Ben Lomond, Inc. v. City of Idaho Falls, supra.*

"[P]romulgation or enactment of general zoning plans and ordinances is legislative action." *Cooper v. Board of County Commissioners of Ada County,* 101 Idaho 407, 409, 614 P.2d 947, 949 (1980); *Dawson Enterprises, Inc. v. Blaine County,* 98 Idaho 506, 567 P.2d 1257 (1977); *Harrell v. City of Lewiston,* 95 Idaho 243, 506 P.2d 470 (1973); *Cole-Collister Fire Protection District v. City of Boise,* 93 Idaho 558, 468 P.2d 290 (1970); *City of Idaho Falls v. Grimmett,* 63 Idaho 90, 117 P.2d 461 (1941).

■ In *Cooper v. Board of County Commissioners of Ada County, supra,* we were faced with determining the procedural due process requirements necessary to support a rezoning decision. In that case the applicants for the rezoning appealed to the district court from a denial of their application. We held that the action of the Board of Commissioners in acting upon a rezoning request was quasi-judicial in nature. Legislative activity by a zoning entity is differentiated from quasi-judicial activity by the result—legislative activity produces a rule or policy which has application to an open class whereas quasi-judicial activity impacts specific individuals, interests or situations.[4]

decision is not subject to direct judicial review, it nonetheless may be scrutinized by means of collateral actions such as declaratory actions, *see Stokes v. City of Mishawaka,* 441 N.E.2d 24, 26 (Ind.Ct.App.1982), *reh'g. denied* (1983). In such instances the decision will not be disturbed absent a clear showing that it is confiscatory, arbitrary, unreasonable or capricious. *See Dawson Enterprises, Inc. v. Blaine County,* 98 Idaho 506, 511–12, 567 P.2d 1257, 1262–63 (1977).

**3.** The Local Planning Act of 1975 has not abrogated this rule of *Ben Lomond;* although, I.C. § 67–6525 requires amendment of the comprehensive plan and zoning ordinance concurrently or immediately following annexation.

**4.** "Action is legislative when it affects a large area consisting of many parcels of property in disparate ownership. . . . Conversely, action is considered quasi-judicial when it applies a general rule to a specific interest, such as a zoning change affecting a single piece of property, a variance, or a conditional use permit." *Allison v. Wash-*

*ington County,* 24 Or.App. 571, 548 P.2d 188, 190–91 (Or.App.1976) (footnotes omitted). The district court found that:
"The actions of the City of amending the plan and adopting zoning ordinances for annexed property evidences a general land use decision concerning property never before considered within the plan or zoned by the City to effectuate the plan. It is analogous to a general rezone which affects a large number of people—in this case, multiple owners of multiple tracts of land approximating over eight hundred individuals, each with varying affected interests and impacts, and which is highly visible to the public. Further, appellant does not argue that the initial zoning by a city to comply with the Act would be quasi-judicial. Such zoning is viewed as legislative. For the first time, the city determines its zoning and planning policies for its zoning jurisdiction considering those policy components found desirable and encompassed within the plan. After annexation, upon amending the plan, the city zones for the first time such annexed property as required by statute. I.C. 67–6525. Such zoning is analogous

*Cooper, supra* 101 Idaho at 410, 614 P.2d at 950. Legislative action is shielded from direct judicial review by "its high visibility and widely felt impact, on the theory that appropriate remedy can be had at the polls." *Id.*

Applying the test adopted in *Cooper,* we hold that in the annexation of land, the subsequent amendment of the comprehensive plan and the zoning of the annexed land, I.C. § 67–6525, the city council acted in a legislative manner, *see Cooper, supra; Dawson, supra; Harrell, supra; see also City of Louisville v. District Court In and For County of Boulder,* 190 Colo. 33, 543 P.2d 67 (Colo.1975); *Golden v. City of Overland Park,* 224 Kan. 591, 584 P.2d 130 (Kan. 1978), and that such actions are not subject to direct judicial review. *See, e.g., Dawson, supra.*

Costs awarded to defendants-respondents.

Attorney fees denied.

Affirmed.

SHEPARD, J., and WALTERS, J. Pro Tem, concur.

BAKES, Justice, dissenting:

The majority errs in two respects. First, the majority holds that the city council's actions in annexing and changing the zoning of the parcel of land in question, and in amending the comprehensive plan, were legislative rather than quasi-judicial in nature. Second, the majority holds that "such [legislative] actions are not subject to direct judicial review." *Ante* at 1078. Both holdings are inconsistent with the standards recently adopted and applied by this Court in *Cooper v. Board of County Comm'rs of Ada County,* 101 Idaho 407, 614 P.2d 947 (1980).

to the initial zoning of the city. New planning and zoning policies are determined and applied to the city's increased zoning jurisdiction. The amendment of the plan and zoning of the annexed property affects the interests of all persons in the city in some manner. Such widely felt impact and high visibility is consistent with action deemed legislative."
The ownership of the annexed land was diverse and the papers filed by appellant Burt

The question presented is couched by the majority as "whether the district court erred in characterizing as 'legislative' the activity of the City of Idaho Falls," in relation to the parcel of property involved in this appeal. A starting point for our review of this question, as well as the question of whether legislative actions of a local zoning authority are subject to "direct judicial review," is *Cooper v. Board of County Comm'rs of Ada County, supra.*

In *Cooper,* two individuals had applied for a rezone of a 99-acre parcel of property owned by a third party on which they held an option to purchase. The Ada County Board of Commissioners denied their requested zone change, and on appeal the district court determined that the board's denial of the requested zone change was a legislative action. Thus, the district court applied the restrained level of review then applicable to essentially all zoning decisions of local zoning bodies, *i.e.,* whether the board had acted arbitrarily or capriciously in denying the application. *See Dawson Enterprises, Inc. v. Blaine County,* 98 Idaho 506, 567 P.2d 1257 (1977); *Harrell v. City of Lewiston,* 95 Idaho 243, 506 P.2d 470 (1973); *Cole-Collister Fire Protection Dist. v. City of Boise,* 93 Idaho 558, 468 P.2d 290 (1970). Finding no such abuse, the district court affirmed the board of commissioners' denial of the requested rezone.

On appeal to this Court, we quoted at length from the Oregon case of *Fasano v. Board of County Comm'rs,* 264 Or. 574, 507 P.2d 23 (Or.1973), and adopted the rule stated therein and urged by the appellants which distinguishes between legislative and quasi-judicial actions of local zoning bodies:

(representing more than 800 others) evidence that this was a general land use decision impacting a large number of people. In *Cooper, supra,* we distinguished between the activities of the zoning entity's *enacting* general zoning legislation and *applying* existing legislation to specific, individual interests. *Id.* 101 Idaho at 409, 614 P.2d at 949. We agree with the district court that this was legislative action.

" 'Ordinances laying down general policies without regard to a specific piece of property are usually an exercise of legislative authority, are subject to limited review, and may only be attacked upon constitutional grounds for an arbitrary abuse of authority. On the other hand, a determination whether the permissible use of a specific piece of property should be changed is usually an exercise of judicial authority and its propriety is subject to an altogether different test. . . .

" ' "Basically, this test involves the determination of whether action produces a general rule or policy which is applicable to an open class of individuals, interests, or situations, or whether it entails the application of a general rule or policy to specific individuals, interests, or situations. If the former determination is satisfied, there is legislative action; if the latter determination is satisfied, the action is judicial." [Comment, Zoning Amendments—The Product of Judicial or Quasi-Judicial Action, 33 Ohio St.L.J. 130, 137 (1972).] . . . ' 507 P.2d at 26, 27." 101 Idaho 407, 410, 614 P.2d 947, 950. In *Cooper* we held that the application for rezoning of the 99-acre parcel called for quasi-judicial action. Since the appellants in *Cooper* had not been afforded the procedural due process to which they were entitled with a quasi-judicial determination, the judgment was reversed and the case remanded to the board of county commissioners for further proceedings.

This Court has had subsequent opportunity to apply the legislative/quasi-judicial distinctions adopted in *Cooper* to decisions of local zoning authorities. In *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 614 P.2d 960 (1980), and in *Hill v. Board of County Comm'rs of Ada County,* 101 Idaho 850, 623 P.2d 462 (1981), both of which were decisions that involved applications for rezoning of particular parcels of property, we determined that the respective boards of county commissioners' actions upon the applications for rezoning were quasi-judicial in nature, and reversed the judgments and remanded the causes for proceedings consistent with the procedural

due process requirements and standards of review of quasi-judicial decisions of local zoning bodies established in *Cooper.* The majority's opinion does not explain why these very recent cases are not controlling in this case.

The majority quotes from *Allison v. Washington County,* 24 Or.App. 571, 548 P.2d 188 (Or.App.1976), as follows:

" ' "Action is legislative when it affects a large area consisting of many parcels of property in disparate ownership. . . . Conversely, action is considered quasi-judicial when it applies a general rule to a specific interest, such as a zoning change affecting a single piece of property, a variance, or a conditional use permit.' *Allison v. Washington County* [24 Or.App. 571] 548 P.2d 188, 190–91 (Or.App.1976)." (Quoting from *Fasano v. Board of County Comm'rs,* 264 Or. 574, 507 P.2d 23 (Or. 1973)). *Ante* at 1077, n. 4.

However, the majority fails to apply the very distinctions on which it relies.

In this action, the city council of Idaho Falls annexed and rezoned a 68.78-acre parcel of land pursuant to a request and application by the owners of that property, changing the zoning of the property from R–1 single family residential to C–1 commercial. The city amended its comprehensive plan to reflect these changes. This annexation and rezoning was of a relatively small single parcel of property, indeed, smaller than the parcel rezoned in *Cooper,* and was rezoned at the request of specific individuals, as was the case in *Cooper.* The city council was not promulgating policies or general rules applicable to an open class of individuals without regard to a specific piece of property. Instead, the city council's actions entailed the application of a general rule or policy to a specific piece of property at the request of individuals who owned that property. *See Fasano v. Board of County Comm'rs,* 264 Or. 574, 507 P.2d 23, 27 (Or.1973), cited in *Cooper v. Board of County Comm'rs of Ada County, supra* 101 Idaho at 410, 614 P.2d at 950. The annexation and rezoning of the specific parcel of

property in question at the express request of the landowners authorizes a land use change similar to the requested rezoning of the larger 99-acre parcel involved in *Cooper* and the rezoning request involved in *Walker-Schmidt, supra,* both of which were held to be quasi-judicial. If the zoning action in *Cooper* and *Walker-Schmidt* involved quasi-judicial rather than legislative action, then it seems that this case also presents a strong set of facts for holding that the annexation and rezoning of this specific piece of property is quasi-judicial and therefore subject to the heightened standard of review and due process guarantees mandated by *Cooper.*

The majority recites the *Cooper* distinctions between legislative and quasi-judicial actions of local zoning boards but concludes that the allegation that more than 800 persons were affected by the city council's decision to annex and rezone the parcel of land involved in this appeal constitutes "evidence that this was a general land use decision impacting a large number of people." *Ante* at 1077, n. 4. By so concluding, the majority misapplies the legislative/quasi-judicial distinction drawn by the Oregon Supreme Court in *Fasano v. Board of County Comm'rs, supra,* and adopted by this Court in *Cooper.* When the *Fasano* and *Cooper* courts stated that the enactment of zoning ordinances which apply to a "large area consisting of many parcels of property in disparate ownership" was legislative, they looked to the effect on the land being rezoned, not the surrounding land which was not being rezoned and therefore not directly impacted by the zone change. If, as the majority is doing in this case, one looks at the effect on the number of protesters from the surrounding neighborhood rather than the property being rezoned to determine whether "it [the rezoning] affects a large area consisting of many parcels of property in disparate ownership

...," there will seldom be any more quasi-judicial zoning decisions to review. There are few applications for zoning change, even for the smallest parcel, which do not draw opposition from the surrounding neighbors. If, as the majority holds, you must look to the number of protesters and the disparity of ownership of the property which they represent to determine whether the rezoning action is legislative rather than quasi-judicial, the changes wrought by the *Cooper* case will have effectively been repealed. It is my opinion that the mere fact that a substantial number of people who lived outside of the area being rezoned may have protested the rezoning has no bearing on a determination of whether or not the nature of the city council's actions in annexing and rezoning the parcel in question was legislative or quasi-judicial.[1]

Regardless of whether the questioned activity is characterized as legislative or quasi-judicial, the majority commits additional error in its broad holding that "such [legislative] actions are not subject to direct judicial review." In so holding, the majority effectively precludes judicial review of any decision of a local zoning board that may fairly be characterized as legislative. I submit that this Court did not contemplate such a result when it adopted the distinctions between quasi-judicial and legislative actions of local zoning authorities in *Cooper v. Board of Comm'rs of Ada County, supra,* and that such result is expressly contrary to the views stated therein and to previous decisions of this Court involving judicial review of legislative decisions of zoning boards.

In *Cooper,* we noted that, "It is beyond dispute that the promulgation or enactment of general zoning plans and ordinances is legislative action," and recognized that judicial review of legislative actions of a local

---

1. Also irrelevant is appellant's attempt to represent, in addition to his own interests, "more than 800 others ... who have been adversely affected by the decision of the city council." There is no such thing as a "class action" appeal from a decision of a local zoning board, and even though the appellant Burt was attempting to assert that the city council's actions would have a deleterious impact upon a large group of landowners whose property adjoined the parcel being rezoned, the only interests which Burt could represent in this appeal were his own, and not those of any others.

zoning board is limited to a review of whether the action is arbitrary or capricious. *Supra* 101 Idaho at 409, 614 P.2d at 949; *see Dawson Enterprises, Inc. v. Blaine County,* 98 Idaho 506, 567 P.2d 1257 (1977); *Harrell v. City of Lewiston,* 95 Idaho 243, 506 P.2d 470 (1973); *Cole-Collister Fire Protection Dist. v. City of Boise,* 93 Idaho 558, 468 P.2d 290 (1970); *Idaho Falls v. Grimmett,* 63 Idaho 90, 117 P.2d 461 (1941).

Contrary to the majority's statement at page 1078 of its opinion that in *Cooper* we held that "[l]egislative action is shielded from direct judicial review by 'its high visibility and widely felt impact, on the theory that the appropriate remedy can be had at the polls,'" this Court stated merely that the "shield from *meaningful* judicial review which the legislative label provides" (emphasis added) to decisions of zoning authorities was inappropriate in particularized land use decisions. *Supra,* 101 Idaho at 410, 614 P.2d at 950. Perceiving a need for a higher level of review of zoning decisions that impacted upon specific individuals or interests, this Court, in *Cooper,* as discussed above, labeled these particularized actions "quasi-judicial." This Court afforded procedural due process rights to persons affected by such actions and noted that a heightened level of judicial review, conducted in accordance with I.C. §§ 67–5215(b) through (g), and 67–5216, was to be applied in reviewing quasi-judicial actions of local zoning bodies. *Supra* 101 Idaho at 411, n. 1, 614 P.2d at 951, n. 1; *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 614 P.2d 960 (1980); *Hill v. Board of County Comm'rs of Ada County,* 101 Idaho 850, 623 P.2d 462 (1981). By instituting a more meaningful judicial review of quasi-judicial decisions of zoning boards, however, this Court did not purport or intend to obviate any judicial review of legislative decisions of those boards whatsoever. When *Cooper* was decided, zoning decisions of local zoning authorities, which at that time were all characterized as legislative, were appealable to judicial tribunals, *see* I.C. § 31–1509 and *Bennion v. Board of Comm'rs of Kootenai County,* 97 Idaho 764, 554 P.2d 942 (1976), and reviewable under the following standard: whether there was a clear showing that the ordinance in question was confiscatory, arbitrary, unreasonable and capricious. *See Dawson Enterprises, Inc. v. Blaine County, supra; Ready-To-Pour, Inc. v. McCoy,* 95 Idaho 510, 511 P.2d 792 (1973). Judicial review of even legislative decisions of zoning boards remained intact until today. The review of legislative as opposed to quasi-judicial actions was merely to be conducted under different standards.

The majority, in holding that legislative actions are "shielded from direct judicial review" has insulated legislative actions of local zoning bodies. Under today's pronouncement, even a landowner whose land has been directly and adversely affected by a legislative decision of the zoning authority has no right to appeal that decision. The power of zoning authorities to render legislative decisions is now one that may be exercised virtually unchecked by judicial review of those decisions. Because I feel that this result is totally inconsistent with this Court's previous decisions regarding judicial review of legislative decisions of zoning bodies, I dissent from the majority's opinion.

BISTLINE, J., concurs.