702 P.2d 881

### COEUR D'ALENE INDUSTRIAL PARK PROPERTY OWNERS ASSOCIATION, INC., an Idaho Corporation,

and

Indian Meadows Homeowners Association, Inc., an Idaho Corporation; Forest Park-Hoffman Homeowners Association, Inc., an Idaho Corporation, Plaintiffs-Appellants,

v.

CITY OF COEUR D'ALENE and James Fromm, Ed Jones, Loren R. Edinger, James Michaud, Lois Land-Albrecht, Bob Brown, and Steven McCrea, in their capacity as Mayor and City Councilmen of the City of Coeur D'Alene, an Idaho Municipal Corporation, Defendants-Respondents.

Nos. 14866, 14867.

Court of Appeals of Idaho.

June 26, 1985.

844

James Michael English and Edward P. Morse, Coeur d'Alene, for plaintiffs-appellants.

William D. McFarland and Dana L. Rayborn Wetzel, Coeur d'Alene, for defendants-respondents.

BURNETT, Judge.

A group of landowners and developers have filed a petition for a writ of prohibition against annexation of their property by the City of Coeur d'Alene. They contend that no annexation authority exists because the city, at times pertinent to this case, had not negotiated with Kootenai County an "area of city impact" as provided in I.C. § 67–6526. An alternative writ of prohibition was granted but after a hearing, the district court quashed the alternative writ and denied the petition for a peremptory writ. *See* I.C. § 7–403. The court held that a city's power of annexation is not conditioned upon compliance with I.C. § 67–6526 and that, in any event, a writ of prohibition was not an appropriate remedy. The petitioners appealed. For reasons explained below, we agree with the district court on the annexation question and we uphold the denial of the peremptory writ. Accordingly, we need not address the remedy issue.

The annexation question is a narrow one. Idaho Code § 67–6526 is part of the Local Planning Act of 1975. The Act requires cities and counties to adopt comprehensive plans and to enact zoning ordinances pursuant to those plans. I.C. §§ 67–6507, –6509. Section 67–6526 further directs "each county and each city" to establish "an area of city impact within the unincorporated area of the county."[1] The peti-

---

1. I.C. § 67–6526 provides more fully, in pertinent part, as follows:

The governing board of each county and each city therein shall ... adopt by ordinance following the notice and hearing procedures provided in section 67–6509, Idaho Code, a map identifying an area of city impact within the unincorporated area of the county.... A separate ordinance providing for application of plans and ordinances for the area of city impact shall be adopted.... This separate ordinance shall provide for one of the following:

(1) Application of the city plan and ordinances adopted under this chapter to the area of city impact; or

tioners in this case do not contend that the City of Coeur d'Alene has failed to satisfy any of those requirements. Rather, the petitioners, noting that Kootenai County has not joined in designating the area of city impact, argue that the city is powerless to annex an "unincorporated area of the county" until a mutual agreement has been negotiated. We disagree.

When a city and county mutually agree upon an area of city impact, they decide whose comprehensive plan and "ordinances adopted under this chapter" will apply to the affected area. But this does not mean that an annexation ordinance must await the successful culmination of city-county negotiations. Annexation ordinances are not ordinances "adopted under this chapter." They are not creatures of title 67, chapter 65. Rather, annexation authority flows from I.C. § 50–222, a statute antedating the Local Planning Act. I.C. § 50–222 broadly authorizes a city to annex adjacent territory and by ordinance to declare the annexed area a part of the city.[2] This statute was not amended when the Local Planning Act was passed, nor has it since been amended in light of the Act. In contrast, I.C. § 50–1306, a statute empowering cities to approve or to disapprove

plats of subdivisions outside the city boundaries, has been amended to take account of I.C. § 67–6526.[3]

Conversely, the Local Planning Act contains no substantive limitation upon the power of annexation. It simply provides that annexation must be preceded by notice and hearing on "the proposed [comprehensive] plan and zoning ordinance changes for the unincorporated area." I.C. § 67–6525. Petitioners concede that this procedural requirement has been satisfied in the present case. I.C. § 67–6525 further provides that changes in the comprehensive plan and zoning ordinance shall be adopted "[c]oncurrently or immediately following" the annexation. The act of annexation does not await an exercise of the zoning power. See Burt v. City of Idaho Falls, 105 Idaho 65, 665 P.2d 1075 (1983).

There is, to be sure, a tension between the notion of city-county cooperation in land use planning and a city's unilateral authority to annex adjacent land. Some, though not all, benefits of mutual planning may be lost when a city peremptorily extends its boundaries. Nevertheless, the allocation of powers between cities and counties is a legislative task. Our Legislature has chosen not to make negotiation

---

(2) Application of the county plan and ordinances adopted under this chapter to the area of city impact; or

(3) Application of any mutually agreed upon plan and ordinances adopted under this chapter to the area of city impact.

**2.** I.C. § 50–222 provides in pertinent part as follows:

Whenever any land lying contiguous or adjacent to any city in the state of Idaho, or to any addition or extension thereof, shall be or shall have been by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescence, laid off into blocks containing not more than five (5) acres of land each, whether the same shall have been or shall be laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor or any person by or with his authority, has sold or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five (5) acres or whenever the owner or proprietor or any person by or with his authority requests annexation in writing

to the council, or when a tract of land is entirely surrounded by properties lying within the city boundaries, it shall be competent for the council, by ordinance, to declare the same, by proper legal description thereof, a part of such city.

**3.** The amendment to I.C. § 50–1306 is set forth in 1979 Idaho Sess.Laws ch. 88, p. 215, as follows:

50–1306. ~~PROPERTY WITHIN ONE MILE OF CITY LIMITS~~ EXTRATERRITORIAL AUTHORITY—PROPERTY WITHIN THE AREA OF CITY IMPACT. All plats situate within an officially designated area of city impact as provided for in section 67–6526, Idaho Code, shall be administered in accordance with the provisions set forth in the adopted city or county zoning and subdivision ordinances having jurisdiction. In the situation where no area of city impact has been officially adopted, all plats situate within one (1) mile outside the limits of any incorporated city shall first be submitted to the said city, and approved by the council of said city before the same shall be recorded.

with the county a compulsory prerequisite for annexation by a city.[4] For us to rule otherwise would require a holding that the Local Planning Act silently and impliedly has abrogated a power granted by I.C. § 50–222. We decline to so hold. Partial repeals or amendments of statutes by implication are disfavored in the law. *See generally* C. SANDS, SUTHERLAND STATUTORY CONSTRUCTION § 22.30 (4th ed. 1972).

 We conclude that the City of Coeur d'Alene acted within its statutory authority by annexing the land in question. The decision of the district court is affirmed. Costs to the respondent city. No attorney fees awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**4.** Idaho's reliance upon voluntary cooperation stands in stark contrast to the more highly structured planning system in Oregon. There, city and county land use regulations—including annexation ordinances—are subject to central- ized administrative review for compliance with statutory planning objectives. *See, e.g., Petersen v. Mayor and Council of City of Klamath Falls,* 279 Or. 249, 566 P.2d 1193 (1977).