46 P.3d 23

Tracy SCOTT and Sue Scott, husband and wife, and Donald D. Cogger, Petitioners–Respondents,

v.

GOODING COUNTY; Gooding County Board of Commissioners, Gooding County Planning and Zoning Commission, Respondents–Appellants,

v.

Luis M. Bettencourt, Intervenor– Respondent.

No. 26883.

Supreme Court of Idaho, Boise, March 2002 Term.

April 23, 2002.

Philip A. Brown, Gooding County Prosecuting Attorney, Gooding, for appellants.

Brit Groom, Grangeville, for respondents.

Fredericksen, Williams & Meservy, Jerome, for intervenor.

EISMANN, Justice.

Gooding County, its Board of Commissioners, and its Planning and Zoning Commission appeal a judgment declaring that an ordinance relating to confined animal feeding operations is void. We vacate the judgment of the district court and remand this case for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

On January 27, 1999, Win Henslee, a Gooding County Commissioner, acting as an employee of Luis Bettencourt, filed an application with the Gooding County Planning and Zoning office to obtain a permit for a confined animal feeding operation (CAFO) in order to construct a new dairy. At the time he did so, the Gooding County Board of

Commissioners had a moratorium on new CAFO's.

On February 8, 1999, the Board of Commissioners convened to consider a proposed ordinance that would regulate CAFO's and to consider various changes to the proposed ordinance that had been recommended by the Planning and Zoning Commission. The discussion centered upon various suggested changes and whether or not such changes could be made without having to begin anew the process for adopting the ordinance.[1] Commissioner Henslee participated in these discussions. Ultimately, he moved that the ordinance be adopted with all the changes that the law will allow, according to the Gooding County Prosecuting Attorney. The motion was seconded, and it passed. Commissioner Henslee then moved to recess the meeting until 9:00 a.m. the following day "to finalize the previous motion." That motion was also seconded and passed.

On February 9, 1999, the Board of Commissioners met again, with Commissioner Henslee absent. Commissioners Faulkner and Arkoosh continued to discuss various changes to the proposed ordinance. They recessed the meeting to type out changes desired by Commissioner Faulkner. Once those changes were made, they reconvened, Commissioner Faulkner moved to adopt what became Ordinance 66, Commissioner Arkoosh seconded the motion, and the motion carried.

On March 31, 1999, the Gooding County Planning and Zoning Commission held a public hearing on the CAFO permit application filed on behalf of Mr. Bettencourt. Commissioner Henslee represented Mr. Bettencourt at the hearing. On April 9, 1999, the Planning and Zoning Commission granted the CAFO permit with the restriction that the facility never exceed seven cows per acre and that the water permit be obtained before the occupancy permit is issued. Tracy and Sue Scott, Donald Cogger, and two others appealed that decision to the Board of Commissioners. Their appeal was heard on May 10, 1999. Commissioner Henslee, citing a con-

flict of interest, did not participate in the appeal, although he was present at the hearing because the Board was also considering other matters. On June 14, 1999, the Board of Commissioners denied the appeals.

On July 8, 1999, Tracy and Sue Scott and Donald Cogger filed a petition for judicial review challenging the issuance of the CAFO permit. On July 29, 1999, Mr. Bettencourt moved to intervene on the ground that his dairy was under construction and he desired to protect his interest to construct and operate it. The district court granted that motion. Mr. Bettencourt did not file any pleading or motion in this action.

Mr. and Mrs. Scott and Mr. Cogger had listed eleven issues on appeal, one of which was, "Whether the Gooding County CAFO Ordinance is valid and enforceable as adopted." They later filed a motion seeking to dismiss or withdraw that issue from their appeal. The district court denied that motion on June 1, 2000.

In a memorandum decision issued on July 14, 2000, the district court held that Ordinance 66 was invalid pursuant to Idaho Code § 67–6506 because Commissioner Henslee had a conflict of interest. The Gooding County parties moved for reconsideration. Citing *Burt v. City of Idaho Falls*, 105 Idaho 65, 665 P.2d 1075 (1983), they argued that the adoption of Ordinance 66 could not be challenged by a petition for judicial review. The district court denied the motion, holding that it would construe the petition for judicial review to include a claim for declaratory relief. The Gooding County parties then appealed to this Court.

## II. ANALYSIS

### A. Did the district court have the authority to declare Ordinance 66 void?

█ The adoption of Ordinance 66 was a legislative action by the county commissioners. *Cooper v. Board of County Commissioners*, 101 Idaho 407, 614 P.2d 947 (1980). In *Burt v. City of Idaho Falls*, 105 Idaho 65, 665 P.2d 1075 (1983), we held that legislative

---

1. The record in this appeal includes only the minutes of the meeting. A transcript of the proceedings, however, is included in the record on appeal in *Gooding County v. Wybenga*, 137 Idaho 201, 46 P.3d 18 (2002) a companion case.

actions by county commissioners cannot be attacked by a petition for judicial review. The petition filed by the respondents in this case was clearly a petition for judicial review. It was entitled, "Notice of Appeal Petition for Review." The petition referred to Mr. and Mrs. Scott and Mr. Cogger as "Appellants" both in the caption and in the body of the petition. The petition contained a single count, the allegations of which began:

> 1. Appellant's appeal and request judicial review of the decision filed by Respondent Gooding County Commission in the appeal to the Gooding County Commission for the *Gooding County Planning and Zoning Commission* issuance of CAFO siting permit No. G99–183. The commissions [sic] written Findings of Facts and Conclusions of Law were entered on June 14, 1999.

The petition alleged that the "Appellants" had exhausted all available administrative remedies and are entitled to appeal under Idaho Code § 67–5271 [2] and that venue was proper. It then alleged, "This appeal and petition for judicial review is taken upon issues of fact and law." The petition concluded with a list of eleven "issues on appeal which appellants intend to assert." [3]

█ The district court initially interpreted this case as being solely a petition for judicial review. After the district court issued its "Memorandum Decision on Appeal" voiding Ordinance 66, the Gooding County parties pointed out in their petition for rehearing that the district court had no authority to invalidate the ordinance on a petition for judicial review. Only then did the district court find that the petition also included a claim for declaratory relief. The petition listed as an issue on appeal, "Whether the Gooding County CAFO Ordinance is valid and enforceable as adopted." Because that issue could not be resolved in a petition for judicial review, the district court held that Mr. and Mrs. Scott and Mr. Cogger must have intended the inclusion of the issue to constitute a claim for declaratory relief.

There is nothing in the record below indicating that they intended their petition for judicial review to include a claim for declaratory relief. In fact, they attempted to withdraw from their appeal the issue of the validity of the ordinance. They likewise have not participated in this appeal from the district

---

2. Idaho Code § 67–5271 provides:

> (1) A person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies required in this chapter.
> (2) A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency action would not provide an adequate remedy.

A party is not required to exhaust administrative remedies before challenging the validity of a zoning ordinance through a declaratory judgment action. *Foster v. City of St. Anthony,* 122 Idaho 883, 841 P.2d 413 (1992).

3. Paragraph 5 of the petition alleged as follows:

> 5. The issues on appeal which appellants intend to assert are as follows:
> A. Whether the decision is in compliance with the Gooding County Comprehensive Plan.
> B. Whether the decision is in compliance with the Gooding County Zoning Ordinance.
> C. Whether the decision is in compliance with the Gooding County CAFO (Confined Animal Feeding Operation) Ordinance.
> D. Whether the Gooding County CAFO Ordinance is valid and enforceable as adopted.
> E. Whether the moratorium previously adopted by Gooding County dealing with CAFO's and Dairies is currently in force and effect.
> F. Whether the findings of fact numbered 4, 7, 8, 10, 12, 13, 14, 15, 18, 19, 20, 21, 22, 23, and 27 were/are supported by credible, substantial or competent evidence.
> G. Whether there is substantial and competent evidence in the record supporting the decision of either/or the Gooding County Planning and Zoning Commission and/or the Gooding County Commission as alleged in Conclusion of Law No. 2.
> H. Whether the affirmation of the Gooding County Planning and Zoning decision by the Gooding County Commission was in violation of United States and/or Idaho Constitutional or Statutory provisions or rights of Appellants.
> I. Whether the decision of either the Gooding County Planning and Zoning Commission and/or the Gooding County Commission was/is in excess of their statutory authority.
> J. Whether the actions and decisions of either the Gooding County Planning and Zoning and/or the Gooding County Commission was made upon unlawful procedure.
> K. Whether the actions and/or decisions of the Gooding County Planning and Zoning and/or the Gooding County Commission were arbitrary, capricious, and/or an abuse of discretion.

court's judgment declaring the ordinance void. The petition filed by Mr. and Mrs. Scott and Mr. Cogger was, on its face, clearly a petition for judicial review challenging the issuance of the CAFO siting permit, and it was clearly intended by them to be a petition for judicial review. The district court did not have authority to rule upon the validity of Ordinance 66. *Burt v. City of Idaho Falls*, 105 Idaho 65, 665 P.2d 1075 (1983). Therefore, we vacate the judgment of the district court and remand this case for further proceedings.

### B. Are the Gooding County parties judicially estopped from challenging the judgment of the district court?

■ Mr. Bettencourt argues on appeal that the Gooding County parties are judicially estopped from challenging the judgment of the district court. He contends that after the district court's decision in this case, Gooding County stipulated that "the *Wybenga* case" should be dismissed with prejudice on the ground that Ordinance 66 was void. There is nothing in the record identifying "the *Wybenga* case." There is presently pending on appeal before this Court the case of *Gooding County v. Wybenga*, but the *Wybenga* case to which Mr. Bettencourt refers

is apparently a different case. The case pending on appeal was not dismissed by stipulation. The Gooding County parties refer in their reply brief to "*Wybenga I*" and "*Wybenga II*."[4] There is simply no factual record upon which to base the claim of judicial estoppel. Therefore, we will not consider that issue on appeal.

### III. CONCLUSION

We vacate the judgment of the district court because the validity of Ordinance 66 could not be determined in a petition for judicial review. We do not consider the issue of judicial estoppel raised on appeal. We award costs on appeal to the Gooding County parties.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.

---

4. In the record of *Gooding County v. Wybenga*, 137 Idaho 201, 46 P.3d 18 (2002) that is on appeal in this Court, there is a copy of a document captioned "Steve Wybenga and Darla Wybenga vs. Gooding County, Idaho, Board of Commissioners for Gooding County, and Gooding County Planning and Zoning Commission."

The document is entitled "Petition for Judicial Review of Gooding County Siting Permit Decisions." There is no file stamp on the document, and it does not have a case number. This may be "the *Wybenga* case" to which Mr. Bettencourt refers.