826 P.2d 476

**GRAND CANYON DORIES, INC.,**
Plaintiff–Appellant,

v.

**IDAHO STATE TAX COMMISSION,**
Defendant–Respondent.

No. 18850.

Supreme Court of Idaho,
Boise, Dec. 1991 Term.

Feb. 19, 1992.

Ringert, Clark, Chartered, Boise, for plaintiff-appellant. James G. Reid, argued, Boise.

Larry EchoHawk, Atty. Gen., Larry M. Dunn, Deputy Atty. Gen., for defendant-respondent. Larry M. Dunn, argued.

JOHNSON, Justice.

This is a sales and use tax case. The dispositive issue on appeal is whether the district court had jurisdiction to review the redetermination of the deficiency by the State Tax Commission. We conclude that the district court did not have jurisdiction

to do so and vacate the district court's order determining the taxpayer's liability.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

In 1981, the Commission issued two notices of deficiency determination to Grand Canyon Dories (GCD). The notices asserted that GCD owed sales and use tax, plus interest and penalties. The first notice asserted tax, penalty, and interest of $21,293 for the period from July 1, 1977, through June 30, 1978. The second notice asserted tax, penalty, and interest of $50,570 for the period from July 1, 1978, through December 31, 1980. GCD requested a redetermination of the deficiencies by the Commission. Following a hearing, the Commission modified the amount due from GCD on the first notice to $15,254, and the amount due on the second notice to $37,740.

GCD appealed the Commission's redetermination to the Board of Tax Appeals (the Board). The Board dismissed GCD's appeal on the ground that it did not have jurisdiction to hear the appeal pursuant to I.C. § 63–3049(a) because the amount in dispute at the time the notice of deficiency was issued exceeded $25,000. GCD petitioned the district court for review of the Board's decision.

The district court granted the Commission's motion for summary judgment upholding the Board's decision and ruling that the court did not have jurisdiction to review the Commission's redetermination. On GCD's motion for reconsideration, the district court ruled that because of a conflict in I.C. § 63–3632, it would be equitable to allow GCD to proceed as if GCD initially had sought review of the Commission's redetermination in the district court.

The district court allowed GCD to file what the district court denominated as an amended complaint and proceeded with the matter "as other civil cases," pursuant to I.C. § 63–3049. The parties stipulated that the amount in dispute for the first notice was $8,400 and $37,740 for the second notice. Following a trial, the district court ruled that GCD was liable for these amounts, plus any applicable interest. GCD appealed this decision.

## II.

### THE DISTRICT COURT DID NOT HAVE JURISDICTION TO REVIEW THE REDETERMINATION OF THE COMMISSION.

■ The Commission asserts that the district court did not have jurisdiction to review the redetermination of the Commission. We agree.

I.C. § 63–3632(a) allows a taxpayer either to file an appeal with the Board or to file a complaint with the district court, in accordance with I.C. § 63–3049, for a review of the Commission's redetermination. The appeal must be filed within thirty days after the Commission mails or serves a notice of redetermination. The record here is clear that GCD opted to file an appeal with the Board within the time permitted, rather than filing a complaint with the district court.

In granting GCD's motion for reconsideration, the district court attempted to treat GCD's appeal to the Board as the filing of a complaint with the district court. In effect, the district court extended the time within which GCD might file a complaint with the district court for a review of the Commission's redetermination. The district court did not have jurisdiction to do so.

■ Filing of an appeal with the district court from an administrative or governmental agency, body, or board within the time allowed by our rules of civil procedure or by statute is jurisdictional. I.R.C.P. 83(e), (s). A court has no power to avoid a jurisdictional defect caused by a failure to file an appeal by extending the time for the filing. *Chapman v. Boehm*, 27 Idaho 150, 152, 147 P. 289, 289 (1915); *Moe v. Harger*, 10 Idaho 194, 195, 77 P. 645, 645 (1904).

## III.

### THE DECISION OF THE DISTRICT COURT UPHOLDING THE BOARD'S DISMISSAL OF GCD'S APPEAL IS NOT PRESENTED IN THIS APPEAL.

We have considered whether the issue of the Board's jurisdiction to consider GCD's appeal is properly before us. We conclude that it is not.

 I.A.R. 17(e)(1)(A) provides that a notice of appeal shall be deemed to include, and present on appeal, all interlocutory judgments, orders, and decrees entered prior to the judgment, order, or decree from which the appeal was taken. The failure of an appellant, however, to include an issue in the statement of issues in the appellant's brief as required by I.A.R. 35(a)(4) will ordinarily eliminate the consideration of that issue in the appeal. *State v. Prestwich,* 116 Idaho 959, 961, 783 P.2d 298, 300 (1989). In a few cases, this Court has relaxed this rule where the issue was addressed by authorities cited or arguments contained in the briefs. *Id.*

GCD appealed from the decision of the district court determining the amount of tax, penalty, and interest GCD owes. In its initial brief presented to this Court, GCD raised only issues concerning the correctness of the district court's decision on the merits of the Commission's redetermination and concerning GCD's entitlement to attorney fees on appeal. In neither its initial brief nor in its reply brief did GCD cite authorities or present argument challenging the district court's decision upholding the Board's dismissal of GCD's appeal. Therefore, we will not consider whether the district court correctly upheld the Board's dismissal of GCD's appeal.

## IV.

### CONCLUSION.

We vacate the district court's order determining the amount of tax, penalty, and interest owed by GCD. We remand the case to the district court for any further proceedings that are appropriate.

In light of the mixed result, we award no costs on appeal.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.