855 P.2d 462

**GRAND CANYON DORIES, Petitioner–
Appellant on Appeal, Cross–
Respondent on Appeal,**

v.

**IDAHO STATE TAX COMMISSION,
Respondent–Respondent on Appeal,
Cross–Appellant on Appeal.**

No. 20117.

Supreme Court of Idaho,
Boise, March 1993 Term.

June 23, 1993.

Ringert Clark Chartered, Boise, for petitioner-appellant on appeal and cross-respondent on appeal. James G. Reid, argued.

Hon. Larry J. EchoHawk, Idaho Atty. Gen., Lawrence G. Sirhall, Jr., Deputy Atty. Gen., Boise, for respondent-respondent on appeal and cross-appellant on appeal. Lawrence G. Sirhall, Jr., argued.

TROUT, Justice.

Grand Canyon Dories, Inc., (GCD), a California corporation operating a river guide operation in Idaho, appeals from an order of the district court affirming the dismissal of a tax deficiency assessment by the Board of Tax Appeals (BTA) on the ground that the amount in controversy exceeded the BTA's jurisdictional limit. The Idaho State Tax Commission (Commission) cross-appeals from the district court's remand of another tax deficiency assessment against GCD back to the BTA.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

On July 27, 1981, the Commission issued two notices of tax deficiency to GCD for the periods July 1, 1977 through June 30, 1978 (Period No. 1) and July 1, 1978 through December 31, 1980 (Period No. 2). In 1981, GCD moved the Commission for a redetermination of these notices along with three other notices of tax deficiency.

On November 2, 1987, the Commission canceled the three other notices of tax deficiency but approved the notices of deficiency for Period No. 1 and Period No. 2. The deficiency determination for Period No. 1 is comprised of $4,126.00 in sales and use tax, $4,068.00 in interest and $206.00 in penalty for a total of $8,400.00. The deficiency determination for Period No. 2 is comprised of $19,622.00 in sales and use tax, $17,137.00 in interest and $981.00 in penalty for a total of $37,740.00 [1]. GCD appealed the Commission's determination to the BTA which dismissed GCD's appeal on the ground that the amount in dispute exceeded its jurisdictional limit of $25,000.00.

GCD thereafter petitioned the district court to review the decision of the BTA to dismiss its appeal. The district court granted the Commission's motion for summary judgment and affirmed the BTA's dismissal of GCD's appeal. The district court held that as a result of GCD improperly appealing to the BTA, the court did not have jurisdiction because GCD's petition to the district court was now untimely. GCD filed a motion for reconsideration which the district court granted ruling it would be equitable to allow GCD to proceed as if GCD initially appealed the Commission's redetermination directly to the district court. The district court allowed GCD to file what the court styled an amended complaint.

---

1. The original notices asserted GCD owed a total of $21,293.00 for Period No. 1 and $50,570.00 for Period No. 2. The Commission modified the amounts due to $15,524.00 for Period No. 1 and $37,740.00 for Period No. 2. The parties later stipulated that the amounts in dispute are $8,400.00 for Period No. 1 and $37,740.00 for Period No. 2.

Following a trial, the district court affirmed the Commission's imposition of delinquent taxes and entered judgment in the amount of $46,140.00 ($8,400.00 for Period No. 1 and $37,740.00 for Period No. 2). GCD appealed to this Court which held that the district court did not have jurisdiction to review the Commission's determination of GCD's tax deficiency. *Grand Canyon Dories, Inc. v. State Tax Comm'n,* 121 Idaho 515, 826 P.2d 476 (1992):

> In granting GCD's motion for reconsideration, the district court attempted to treat GCD's appeal to the [BTA] as the filing of a complaint with the district court. In effect, the district court extended the time within which GCD might file a complaint with the district court for a review of the Commission's redetermination. The district court did not have jurisdiction to do so.

121 Idaho at 516, 826 P.2d at 477.

This Court vacated the district court's order determining the deficiency amount owed by GCD and remanded the case back to the district court "for any further proceedings that are appropriate." *Id.* at 517, 826 P.2d at 478. GCD thereafter renewed its motion for reconsideration of the district court's grant of summary judgment. The district court ruled that in considering GCD's initial petition, it had erred in lumping the two notices of deficiency together and that pursuant to I.C. § 63–3632(c), the amount of any proposed deficiency, for purposes of the jurisdictional amount, included interest but not penalties. The district court remanded the first notice of deficiency to the BTA since the deficit amount was less than $25,000.00 and upheld the BTA's dismissal of the second notice of deficiency since the deficit amount was greater than $25,000.00.

GCD now appeals arguing the district court erred in affirming the BTA's dismissal of the second notice of deficiency by misapplying I.C. § 63–3049. The Commission cross-appeals arguing the law of the case precluded the district court from remanding the first notice of deficiency back to the BTA.

## II.

## THE LAW OF THE CASE DID NOT PRECLUDE THE DISTRICT COURT FROM REMANDING THE FIRST NOTICE OF DEFICIENCY BACK TO THE BTA

■ We first examine the Commission's argument that the law of the case precluded the district court from remanding the first notice of deficiency back to the BTA. In its decision granting the Commission's motion for summary judgment, the district court held that the BTA properly dismissed GCD's appeal for lack of jurisdiction and the district court did not have jurisdiction to consider GCD's petition since it was untimely. Following its grant of GCD's motion for reconsideration, the district court rendered a decision on the merits adverse to GCD. The Commission argues that at this point, a two part judgment existed: (1) the ruling affirming the BTA's dismissal and (2) the ruling on the merits. The Commission contends GCD only appealed from the ruling on the merits, and therefore, GCD's failure to appeal from the first part of the judgment affirming the BTA's dismissal precluded the district court from reconsidering this ruling on remand since the law of the case prohibits courts from considering errors on a second appeal which arose prior to the first appeal and which could have been raised as issues in the earlier appeal. *See Capps v. Wood,* 117 Idaho 614, 618, 790 P.2d 395, 399 (Ct. App.1990).

■ We do not agree with the Commission's contention that GCD could have simultaneously appealed from the district court's order, which *in part,* affirmed the BTA's dismissal and from the order which ruled on the merits. It is clear that in granting GCD's motion for reconsideration, the district court was required to vacate its initial order.

The initial order not only affirmed the BTA's dismissal, but also held that the district court did not have jurisdiction because GCD's petition was untimely. It is axiomatic that a court may not rule on the merits of a case once it determines it does

not have jurisdiction. Thus, by implication, the district court ruled it had jurisdiction when it ruled on the merits of GCD's appeal. To do so the court was required to vacate its initial ruling.[2] As a result of the district court vacating its order, there was no final judgment from which GCD could have appealed. I.A.R. 11(a)(1). We therefore reject the Commission's argument that the district court was precluded by the law of the case from remanding the first notice of tax deficiency back to the BTA because GCD failed to appeal from what we have determined to be a non-appealable order.

### III.

### THE DISTRICT COURT PROPERLY AFFIRMED THE BTA'S DISMISSAL OF THE SECOND NOTICE OF DEFICIENCY

GCD raises a number of issues in arguing the district court erred in affirming the BTA's dismissal of the second notice of deficiency by misapplying I.C. § 63–3049. GCD first argues that I.C. § 63–3632 and not I.C. § 63–3049 govern appellate review of a sales tax deficit determination. I.C. § 63–3632(a), in part, provides that within thirty days of the date upon which the notice of redetermination is mailed or served, "the taxpayer may, at his option, file an appeal with the board of tax appeals or may file a complaint with the district court in accordance with the provisions of section 63–3049, Idaho Code...." I.C. § 63–3049(a), in part, provides that "[i]n the case of sales or use tax and corporate income tax decisions by the state tax commission, when the amount in dispute at the time the notice of deficiency determination/overassessment is issued exceeds twenty-five thousand dollars ($25,000), no appeal to the board of tax appeals shall be allowed." GCD argues that its original appeal to the BTA was governed only by I.C. § 63–3632 which does not mention a

jurisdictional limit of $25,000.00. We disagree.

Statutes which are *in pari materia* are to be construed together to effect legislative intent. *Union Pac. R.R. v. Board of Tax Appeals*, 103 Idaho 808, 811, 654 P.2d 901, 904 (1982). This rule was discussed in greater detail in *Meyers v. City of Idaho Falls*, 52 Idaho 81, 89–90, 11 P.2d 626, 629 (1932):

> The rule that statutes *in pari materia* are to be construed together means that each legislative act is to be interpreted with other acts relating to the same matter or subject. Statutes are *in pari materia* when they relate to the same subject. Such statutes are taken together and construed as one system, and the object is to carry into effect the intention. It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions. For the purpose of learning the intention, all statutes relating to the same subject are to be compared, and so far as still in force brought into harmony by interpretation.

(Citations omitted.)

Idaho Code §§ 63–3049 and –3632 relate to the same subject matter, review of a determination by the State Tax Commission, and are therefore *in pari materia*. Construing these statutes together, it was clearly the intent of the legislature to limit an appeal to the BTA from a sales and use tax determination by the tax commission to those instances where the amount in controversy is $25,000.00 or less. We therefore reject GCD's suggestion that we abandon this long standing rule of statutory construction and read I.C. § 63–3632 in isolation without taking into account I.C. § 63–3049.

GCD next argues that we should ignore I.C. § 63–3049 because the legisla-

---

**2.** We note the district court would have had to vacate its initial ruling since a reversal of this ruling would have required it to remand the case back to the BTA. Thus, although the district court, in its order granting GCD's motion

for reconsideration, indicated it was "reversing" its prior ruling, its subsequent ruling on the merits makes it clear that it was actually "vacating" its prior ruling.

ture amended I.C. § 63–3049 in 1983 to include the jurisdictional limitation on the BTA, but did not amend I.C. § 63–3632. GCD contends this constitutes an amendment by implication which is disfavored, and therefore, we should ignore I.C. § 63–3049. GCD fails to note the well-settled rule in Idaho that where an irreconcilable inconsistency exists between statutes *in pari materia,* the latest expression of the legislature will control. *Union Pac. R.R.,* 103 Idaho at 811, 654 P.2d at 904. Since I.C. § 63–3632 has not been amended since 1981, the latest expression of the legislature is the 1983 amendment imposing a jurisdictional limitation on the BTA. This limitation controls I.C. § 63–3632 to the extent this statute is read to allow the appeal of any amount in controversy to the BTA.

We next address GCD's contention that the $25,000.00 jurisdictional limitation contained in I.C. § 63–3049 does not include interest and penalty. Section 63–3049 provides that *"when the amount in dispute* at the time the notice of deficiency determination/overassessment is issued exceeds twenty-five thousand dollars ($25,000), no appeal to the board of tax appeals shall be allowed."* (Emphasis added.) GCD and the Commission agreed in their June 5, 1990 "Stipulation" that:

> The total amount in dispute for the period July 1, 1978 through December 31, 1980 [Period No. 2] is thirty seven thousand seven hundred forty dollars ($37,-740). This amount consists of nineteen thousand six hundred twenty-two dollars ($19,622) in sales/use tax; nine hundred eighty one dollars ($981) in penalty; and seventeen thousand one hundred thirty seven dollars ($17,137) in interest. . . .

We first note that the clear language of I.C. § 63–3049 provides that for purposes of determining whether the BTA will have jurisdiction, the amount in dispute must exceed $25,000.00 "at the time the notice of deficiency determination/overassessment is issued." The original notice of deficiency determination issued to GCD for Period No. 2 was in the amount of $50,-570.00 which included sales and use tax, interest and penalty. Following GCD's petition for redetermination, the Commission modified its determination and demanded immediate payment. This modified determination reflects the amounts stipulated to by the parties. Thus, since the original notice amount was modified and the modified amount is the amount from which the Commission demanded payment and from which GCD appealed to the BTA, we find this to be the amount from which we calculate the amount in dispute.

The larger issue is what constitutes the amount in dispute. GCD argues that interest should not be included as part of the amount in dispute because it is fixed by statute and only applies if the tax and penalty are due. We note, however, that both interest and penalty are fixed by statute and due at the time demand is made for payment of the tax deficiency. I.C. §§ 63–3045 to –3046, –3049. Moreover, we do not view the fact that interest and penalty are fixed by statute to be dispositive on the issue of whether these amounts are included as part of the amount in dispute.

Since the phrase "amount in dispute" is not defined in I.C. § 63–3049 or in any other statute, we must turn to our rules of statutory construction. Statutes are to be construed to give effect to the intent of the legislature. *Idaho State Tax Comm'n v. Haener Bros., Inc.,* 121 Idaho 741, 743, 828 P.2d 304, 306 (1992). Statutory interpretation always begins with an examination of the literal words of the statute. *Rim View Trout Co. v. Higginson,* 121 Idaho 819, 823, 828 P.2d 848, 852 (1992). When construing a statute, we give the language contained in the statute its plain, obvious and rational meanings. *Sweitzer v. Dean,* 118 Idaho 568, 572, 798 P.2d 27, 31 (1990). Words and phrases of a statute are construed according to context. *Kerley v. Wetherell,* 61 Idaho 31, 41, 96 P.2d 503, 508 (1939).

Applying the above rules to the present case, we hold that the phrase "amount in dispute," as used in I.C. § 63–3049, includes tax, interest and penalty. *Black's Law Dictionary* 472 (6th ed. 1990) defines "dispute" as "an assertion of a

right, claim or demand on one side, met by contrary claims or allegations on the other." GCD was clearly appealing to the BTA from the Commission's assertion that GCD owed tax, interest *and* penalty. The sum total of these amounts represented the amount in dispute.

 The statutory context of the phrase also supports the conclusion that the legislature intended to include tax, interest and penalty. The sentences preceding and following the sentence which contains the phrase "amount in dispute" refer to "tax," "interest" and "penalty" as separate components. This indicates the legislature viewed these amounts individually. Thus, if the legislature had intended to limit the "amount in dispute" to only the amount of the "tax" or "tax and penalty," the legislature would have so specified. We therefore hold that in the present case, the amount in dispute included tax, interest and penalty. Although the district court held the amount in dispute included only tax and interest, this holding amounts to harmless error since the total of these two amounts still exceeded the $25,000.00 jurisdictional limit.

The final issue raised by GCD is whether the district court applied I.C. § 63–3049 retroactively. GCD argues that since the original notice of deficiency was issued in 1981, the district court's application of the 1983 jurisdictional amendment to I.C. § 63–3049 constitutes retroactive application of the statute. We disagree.

The 1983 amendment to I.C. § 63–3049 concerned the right of a taxpayer to appeal to the BTA. GCD's right to appeal did not arise until 1987 when the Commission issued its final decision on GCD's motion for redetermination. This was four years after the statutory amendment. The district court's application of the amendment did not affect a right which had vested in GCD and therefore did not constitute retroactive application of the statute. *See Engen v. James*, 92 Idaho 690, 694–95, 448 P.2d 977, 981–82 (1969).

## IV.

## CONCLUSION

Based on the foregoing, we affirm the district court's order affirming the dismissal of the tax deficiency assessment appeal for Period No. 2 and remanding the tax deficiency assessment appeal for Period No. 1 back to the Board of Tax Appeals.

No costs or attorney fees are awarded on appeal.

McDEVITT, C.J., BISTLINE and JOHNSON, JJ., and McDERMOTT, District Judge Pro Tem., concur.