889 P.2d 1108

**William O. HOUSTON, Jr., and Betty Houston, Plaintiffs–Appellants,**

v.

**IDAHO STATE TAX COMMISSION, Defendant–Respondent.**

No. 20795.

Supreme Court of Idaho, Boise, December 1994 Term.

Feb. 17, 1995.

Dillion, Bosch & Daw, Chtd., Boise, for appellants. C.A. Daw argued.

Larry EchoHawk, Atty. Gen., and Lenard L. Wittlake, Deputy Atty. Gen., Boise, for respondent. Lenard L. Wittlake argued.

McDEVITT, Chief Justice.

## INTRODUCTION

Taxpayers Dr. William Houston and Betty Houston (the Houstons) appeal from a district court decision affirming a Board of Tax Appeals ruling that, within the meaning of the federal tax code, their Sun Valley condominium was a "residence" and not a rented "dwelling" subject to more favorable tax treatment.

## BACKGROUND AND PRIOR PROCEEDINGS

The Idaho Tax Commission audited the Houstons' income tax returns for 1986, 1987, and 1988. The Tax Commission issued a Notice Of Deficiency Determination proposing additional taxes, penalty and interest totaling $4,804. After the Houstons filed a petition for redetermination, additional information was considered and an informal conference was held. The Houstons executed a compromise and closing agreement with the Tax Commission that resolved all issues except the deductibility of certain expenses relating to their condominium property in Sun Valley.

The Tax Commission issued its decision upholding the balance of the deficiency with respect to the condominium. The Tax Commission took the position that the Houstons had personally used the condominium for more than fourteen days during each of the tax years in question by renting the condominium to Dr. Houston's professional corporation and then using it to attend professional conferences. Thus, the Tax Commission concluded that the condominium was a "residence" and not a rented "dwelling" subject to more favorable tax treatment under § 280A of the Internal Revenue Code (I.R.C.).[1]

The Houstons appealed to the Idaho Board of Tax Appeals. The Board affirmed. The Houstons paid the tax and then filed a "complaint" and appeal in district court.[2] The parties filed cross-motions for summary judgment on stipulated facts. The district court granted summary judgment in favor of the Tax Commission, reasoning that Dr. Houston's rental use of the condominium to attend professional meetings in his capacity as the professional corporation constituted "personal use" under I.R.C. § 280A(d)(2)(A) because the Houstons conducted personal activities such as eating and sleeping while housed at the condominium. The Houstons appealed to this Court.

## FACTS

The parties stipulated to the following facts:

1. Taxpayers William O. Houston, Jr. and Betty Houston own a Boise residence and a condominium in Sun Valley, Idaho.

2. Taxpayer William O. Houston, Jr., is an oral surgeon employed by his professional corporation, William O. Houston, Jr., D.D.S., P.A.

3. Taxpayer Betty Houston is a bookkeeper and office manager employed by the professional corporation, William O. Houston, Jr., D.D.S., P.A.

4. The annual meetings of the Idaho Dental Association and other professional associations of which Dr. Houston is a member are often held in Sun Valley, Idaho.

5. During and for these annual meetings in Sun Valley, Dr. Houston's wholly owned professional corporation, William O. Houston, Jr., D.D.S., P.A., rented the condominium from Dr. and Mrs. Houston for a fair rental value.

6. Dr. Houston declared the rental fees as income on his individual income tax return.

---

1. Mortgage interest and property taxes may be deducted in connection with a "residence," whereas other expenses such as depreciation are also allowable in connection with calculating a loss deduction for a "dwelling."

2. Although the Houstons could have initially sought review of the redetermination by filing a complaint in the district court pursuant to I.C. § 63–3049, they instead chose to appeal to the Board of Tax Appeals. *See Grand Canyon Dories v. Tax Comm'n*, 124 Idaho 1, 855 P.2d 462 (1993). Accordingly, the action filed in the district court was an "appeal" subject to a "trial de novo" pursuant to I.C. § 63–3812.

7. The Idaho State Tax Commission did not disallow the corporation's deduction of business expenses for the rental payments on the condominium or the other expenses associated with Dr. Houston's attendance at these meetings.

8. The corporation often used the condominium to house other dentists, orthodontists, or oral surgeons at the same time it was housing Dr. Houston.

9. The condominium was used during these annual meetings for, among other things, a cocktail party prior to the dinner dance. The condominium was also used for Dr. and Mrs. Houston's lodging while attending these annual meetings.

10. The condominium unit was so used in 1986 and 1987. In 1988, the annual meeting of the Idaho Dental Association was held in Coeur d'Alene. Meetings of other associations were attended in Sun Valley in 1988.

11. Taxpayers' admitted personal use, plus the number of days the corporation rented the condominium from taxpayers for taxpayers' housing while attending professional association meetings, exceeded the 14 day limit of I.R.C. § 280A in every audit year.

12. On the other hand, if the days the corporation rented the condominium are not considered personal use by Dr. Houston, then Dr. Houston's personal use of the condominium never exceeded the 14 day limit of I.R.C. § 280A for any of the audit years.

## ANALYSIS

**I. The district court correctly held that, within the meaning of I.R.C. § 280A, Dr. Houston used his condominium for "personal purposes" by renting the unit to his own professional corporation and then staying there while attending professional conferences.**

### I(A). Standard of Review

The case is before the Court on stipulated facts and presents a pure question of law over which this Court exercises de novo review.

### I(B). Use For "Personal Purposes"

For purposes of calculating income and deductions, Idaho incorporates the Federal Internal Revenue Code by reference. I.C. § 63–3002. The provision of the Internal Revenue Code at issue in this controversy is I.R.C. § 280A, a section which the United States Tax Court has described as a "maze." *Chacon v. Commissioner,* 64 T.C.M. (CCH) 1169, 1992 WL 308626 (1992) Section 280A provides, in relevant part, as follows:

**§ 280A. Disallowance of certain expenses in connection with business use of home, rental of vacation homes, etc.**

(a) General rule.—Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an S corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.

. . . .

(d) Use as residence.—

(1) In general.—For purposes of this section, a taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds the greater of—

(A) 14 days, or

(B) 10 percent of the number of days during such year for which such unit is rented at a fair rental.

For purposes of subparagraph (B), a unit shall not be treated as rented at a fair rental for any day for which it is used for personal purposes.

(2) Personal use of unit.—For purposes of this section, the taxpayer shall be deemed to have used a dwelling unit for personal purposes for a day if, for any part of such day, the unit is used—

(A) for personal purposes by the taxpayer or any other person who has an interest in such unit, or by any member of the family (as defined in section 267(c)(4)) of the taxpayer or such other person.

(B) by any individual who uses the unit under an arrangement which enables the taxpayer to use some other dwelling unit

(whether or not a rental is charged for the use of such other unit); or

(C) by any individual (other than an employee with respect to whose use section 119 [3] applies), unless for such day the dwelling unit is rented for a rental which, under the facts and circumstances, is fair rental.

The Secretary shall prescribe regulations with respect to the circumstances under which use of the unit for repairs and annual maintenance will not constitute personal use under this paragraph, except that if the taxpayer is engaged in repair and maintenance on a substantially full time basis for any day, such authority shall not allow the Secretary to treat a dwelling unit as being used for personal use by the taxpayer on such day merely because other individuals who are on the premises on such day are not so engaged.

The dispute in this case over how to interpret the language of § 280A stems from the fact that (d)(2)(A) circularly defines "personal purposes" as using a property for "personal purposes."

The Houstons contend that the rental could not have been for personal purposes because the Tax Commission did not challenge the deduction of the rent as a business expense under § 162 by Dr. Houston, P.A. In support of their interpretation, the Houstons point out that I.R.C. § 280A(f)(4) explicitly requires coordination with I.R.C. § 162:

(4) **Coordination with Section 162(a)(2) [deductibility of travel expenses].**—Nothing in this section shall be construed to disallow any deduction allowable under section 162(a)(2) (or any deduction which meets the tests of section 162(a)(2) but is allowable under another provision of this title) by reason of the taxpayer's being away from home in the pursuit of a trade or business (other than the trade or business of renting dwelling units).

This section does not support the Houstons' position. The "coordination" of para-

graph (4) simply makes clear that if a taxpayer uses a dwelling for personal purposes for fourteen or fewer days (or 10% or less of the number of days the property is rented at fair market) and would otherwise legitimately be able to qualify the costs of those days as travel expenses, then nothing in § 280A shall operate to disallow that deduction. However, the Houstons are arguing for the converse of that proposition by suggesting that use for personal purposes turns on whether the use is otherwise deductible. We do not accept that reasoning because it is clear that if the entities of Dr. Houston, P.A., and Dr. Houston-taxpayer are truly separate, then in a tax transaction the consequences to one should be totally irrelevant as to the other.

The Tax Court has also recognized that the question of whether or not a taxpayer's use of a property was for "personal purposes" under I.R.C. § 280A is not influenced by whether other deductions may be available in connection with the use of the property. *See Baker v. Commissioner,* 45 T.C.M. (CCH) 635, 1981 WL 11125 (1983). In *Baker,* the taxpayers owned a vacation home near a ski resort. During 1976, the tax year at issue, the Bakers used the property for eleven days of what the parties agreed was "personal use." For an additional seven days, Mr. Baker stayed at the property while volunteering for the ski patrol, a nonprofit organization registered under section 501(c)(3). During those days that Mr. Baker worked as a volunteer on the ski patrol he was working on the slopes from early morning until the slopes closed at the end of the day. The Bakers argued that the seven "ski patrol" days were not personal use because Mr. Baker was allowed to deduct his personal out-of-pocket expenses as charitable contributions.

The Tax Court ruled against the Bakers.[4] The Tax Court explained that § 262 allows personal expenses to be deducted "*notwithstanding* the fact that they are of a personal

---

**3.** Section 119 pertains to employees who are obligated to accept on-site housing as a condition of their employment.

**4.** While making the distinction between use for "personal purposes" and deductible "personal expenses," the Tax Court did not question the five days that Mr. Baker was at the property in order to make needed repairs.

**722**

nature." *Baker v. Commissioner*, 45 T.C.M. (CCH) at 638 (emphasis in original, footnote deleted). The Houstons' attempt to make the parallel argument in this case under § 162, which the Tax Court rejected in *Baker* under § 262, is not persuasive for the same reason.

Like the Houstons, the Bakers also argued that Mr. Baker's use was not for "personal purposes" because he was not motivated to be physically present at the vacation home for vacation purposes. The Tax Court rejected that argument as well:

> Nor do we agree with [the Bakers] that the phrase "personal purposes" as used in Section 280A(d) is limited to uses involving pleasure or recreation. Section 280A was enacted to obviate the need to make subjective determinations regarding a taxpayer's motive and primary purpose in owning a vacation home.... We find no support for [the Bakers'] contention that in interpreting "use for personal purposes" we should inquire into whether the taxpayer enjoyed himself while staying in the unit.

*Id.* at 638. We hold that this reasoning applies with equal force to the Houstons' claim that their presence at the condominium was not for "personal purposes" because it was in a nonpersonal "tax deductible" capacity. Accordingly, we affirm the decision of the district court affirming the ruling of the Board of Tax Appeals.[5]

## CONCLUSION

The decision of the district court is affirmed; costs to respondent.

McDEVITT, C.J., JOHNSON, TROUT, and SILAK, JJ., and REINHARDT, J. Pro Tem., concur.

---

5. In light of our holding, we need not address    whether I.R.C. § 280A(c)(6) controls.