46 P.3d 18

**GOODING COUNTY, Idaho, Plaintiff–Appellant,**

v.

**Steve WYBENGA and Darla Wybenga, husband and wife, Defendants–Respondents.**

**No. 27403.**

Supreme Court of Idaho, Boise, March 2002 Term.

April 23, 2002.

Phillip A. Brown, Gooding County Prosecuting Attorney, Gooding, for appellant.

Huchinson & Brown, L.L.P., Jerome, for respondents. Patrick D. Brown argued.

EISMANN, Justice.

Gooding County appeals a partial summary judgment declaring its confined animal feeding ordinance void. We reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

On January 11, 2000, Gooding County filed a complaint for injunctive relief against Steve and Darla Wybenga (Wybengas). Gooding County alleged that in May 1996 the Wybengas operated a dairy of approximately 200 cows and that they have since increased the number of cows in violation of Ordinance 60, of several moratoria prohibiting the enlargement of confined animal feeding operations (CAFO's), and of Ordinance 66. The Wybengas filed an answer in which they alleged eighteen affirmative defenses and a three-count counterclaim. In Count One of their counterclaim, they requested declaratory relief stating that all prior ordinances dealing with CAFO's were repealed by the adoption of Ordinance 66 and that they are entitled to be registered under Ordinance 66 as an existing operation with 945 cows. In Count Two they sought judicial review under the Idaho Administrative Procedures Act of Gooding County's action of accepting their registration as a CAFO, but limiting them to 307 cows. In Count Three they alleged a violation of 42 U.S.C. § 1983 based upon the County's actions in attempting to limit the size of their dairy to 306.5 animal units.

On June 22, 2000, the Wybengas moved for partial summary judgment seeking a ruling that Ordinance 66 was void because Win Henslee, a Gooding County Commissioner, violated Idaho Code § 67–6506 by participating in the proceedings to adopt the Ordinance when he had a conflict of interest. On January 27, 1999, Commissioner Henslee, acting as an employee of Luis Bettencourt, filed an application with the Gooding County Planning and Zoning office to obtain a CAFO permit in order to construct a new dairy. At the time he did so, the Gooding County Board of Commissioners had a moratorium on new CAFO's.

On February 8, 1999, the Board of Commissioners convened to consider a proposed ordinance that would regulate CAFO's and to consider various changes to the proposed ordinance that had been recommended by the Planning and Zoning Commission. The discussion centered upon various suggested changes and whether or not such changes could be made without having to begin anew the process for adopting the ordinance. Commissioner Henslee participated in these discussions. Ultimately, he moved that the ordinance be adopted with all the changes that the law will allow, according to the Gooding County Prosecuting Attorney. The motion was seconded, and it passed. Commissioner Henslee then moved to recess the meeting until 9:00 a.m. the following day "to finalize the previous motion." That motion was also seconded and passed.

On February 9, 1999, the Board of Commissioners met again, with Commissioner Henslee absent. Commissioners Faulkner and Arkoosh continued to discuss various changes to the proposed ordinance. They recessed the meeting to type out changes desired by Commissioner Faulkner. Once those changes were made, they reconvened, Commissioner Faulkner moved to adopt what became Ordinance 66, Commissioner Arkoosh seconded the motion, and the motion carried.

The district court granted Wybengas' motion for partial summary judgment, held that Ordinance 66 was void, and dismissed Gooding County's complaint. It later certified that partial judgment as final under Rule 54(b) of the Idaho Rules of Civil Procedure, and Gooding County appealed.

## II. ANALYSIS

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Eagle Water Company, Inc. v. Roundy Pole Fence Company, Inc.*, 134 Idaho 626, 7 P.3d 1103 (2000). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Morrison v. Young*, 136 Idaho 316, 32 P.3d 1116 (2001).

The first issue we must decide is what is the applicable law. The district court held that Ordinance 66 was void because one of the county commissioners had violated Idaho Code § 67–6506, which, at the time of the adoption of the Ordinance, provided:

A governing board creating a planning, zoning, or planning and zoning commission, or joint commission shall provide that the area and interests within its jurisdiction are broadly represented on the commission. A member or employee of a governing board, commission, or joint commission shall not participate in any proceeding or action when the member or employee or his employer, business partner, business associate, or any person related to him by affinity or consanguinity within the second degree has an economic interest in the procedure or action. Any actual or potential interest in any proceeding shall be disclosed at or before any meeting at which the action is being heard or considered. A knowing violation of this section shall be a misdemeanor.

Ch. 188, § 2, 1975 Idaho Sess. Laws 515, 518. The County argues that § 67–6506 must be construed together with the Ethics in Government Act of 1990, Idaho Code §§ 59–701 *et seq.*, because the statutes are *in pari materia.* Specifically, Gooding County argues that the definition of "conflict of interest" in the Ethics in Government Act [1] should be applied to Idaho Code § 67–6506. Under that definition, an official action which would be to the private pecuniary benefit of a business with which the public official is associated would not constitute a conflict of interest if the action would affect to the same degree a class consisting of an industry or occupation group in which that business is engaged. An interpretation of a statute is a question of law over which we exercise free review. *Lopez v. State,* 136 Idaho 174, 30 P.3d 952 (2001).

Statutes are *in pari materia* if they relate to the same subject. *Grand Canyon Dories v. Idaho State Tax Comm'n,* 124 Idaho 1, 855 P.2d 462 (1993). Such statutes are construed together to effect legislative intent. *Id.* Where two statutes appear to apply to the same case or subject matter, the specific statute will control over the more general statute. *State v. Barnes,* 133 Idaho 378, 987 P.2d 290 (1999). Both Idaho Code § 67–6506 and the Ethics and Government Act deal with the same subject, avoiding conflicts of interest by certain public officials.

Although Gooding County argues that the definition of the phrase "conflict of interest" provided by the Ethics in Government Act should apply to Idaho Code § 67–6506, that phrase does not appear in the body of the statute.[2] Section 67–6506 uses the phrase "economic interest in the procedure or action" rather than "conflict of interest." For Gooding County to prevail in its argument that the definition of "conflict of interest" in the Ethics in Government Act should control this case, it must argue that the Ethics in Government Act impliedly repealed or amended Idaho Code § 67–6506. Repealing or amending a statute by implication is disfavored in the law, and it will not be inferred absent a clear, legislative intent. *V–1 Oil Co. v. Idaho State Tax Comm'n,* 134 Idaho 716, 9 P.3d 519 (2000); *Sunshine Mining Co. v. Allendale Mut. Ins. Co.,* 107 Idaho 25, 684 P.2d 1002 (1984). There is no indication that the legislature intended to repeal or amend Idaho Code § 67–6506 when it adopted the Ethics in Government Act.

Idaho Code § 67–6506 is a specific statute dealing only with prohibiting a member or employee of a governing board, planning and zoning commission, or joint commission from participating in the zoning process set forth in the Local Land Use Planning Act, Idaho Code §§ 67–6501 *et seq.*, if the member or employee had an economic interest in the procedure or action, as defined by the statute. The Ethics in Government Act is a general statute applying to elected, appointed, and employed public officials at the state, county, and municipal levels of government. After adopting the Ethics in Government Act

---

1.  Idaho Code § 59–703 defines "conflict of interest" as follows:

    (4) "Conflict of interest" means any official action or any decision or recommendation by a person acting in a capacity as a public official, the effect of which would be to the private pecuniary benefit of the person or a member of the person's household, or a business with which the person or a member of the person's household is associated, unless the pecuniary benefit arises out of the following:

    (a) An interest or membership in a particular business, industry, occupation or class required by law as a prerequisite to the holding by the person of the office or position;

    (b) Any action in the person's official capacity which would affect to the same degree a class consisting of an industry or occupation group in which the person, or a member of the person's household or business with which the person is associated, is a member or is engaged;

    (c) Any interest which the person has by virtue of his profession, trade or occupation where his interest would be affected to the same degree as that of a substantial group or class of others similarly engaged in the profession, trade or occupation;

    (d) Any action by a public official upon any revenue measure, any appropriation measure or any measure imposing a tax, when similarly situated members of the general public are affected by the outcome of the action in a substantially similar manner and degree.

2.  The phrase "conflict of interest" was included in the 1999 amendment to the statute, but that amendment became effective after the adoption of Ordinance 66 and therefore does not apply to this action.

in 1990, the legislature nine years later amended Idaho Code § 67–6506 to further define what it meant for a member of a governing board or planning and zoning commission to "participate" in a proceeding or action when such member had an economic interest and to specify certain conduct in which such member could participate. The amendment added the following language to the statute.

> For purposes of this section the term "participation" means engaging in activities, which constitute deliberations pursuant to the open meeting act. No member of a governing board or a planning and zoning commission with a conflict of interest shall participate in any aspect of the decision-making process concerning a matter involving the conflict of interest. A member with a conflict of interest shall not be prohibited from testifying at, or presenting evidence to, a public hearing or similar public process after acknowledging non-participation in the matter due to a conflict of interest.

Ch. 396, § 4, 1999 Idaho Sess. Laws 1099, 1102–03. Obviously, by amending Idaho Code § 67–6506 in 1999, the legislature did not believe it had been impliedly repealed in 1990 by the adoption of the Ethics in Government Act. Likewise, if the legislature believed that the less restrictive definition of "conflict of interest" in the Ethics in Government Act should apply to Idaho Code § 67–6506, it could easily have so amended the statute. It did not do so, however. Thus, we conclude that the definition of "conflict of interest" in the Ethics in Government Act does not apply to Idaho Code § 67–6506.

■ The next issue is whether the district court correctly held that Ordinance 66 was void because Commissioner Henslee violated Idaho Code § 67–6506. Commissioner Henslee's employer had an economic interest in the adoption of an ordinance permitting CAFO's. There was at that time a moratorium on new CAFO's. On January 27, 1999, Commissioner Henslee, acting on behalf of his employer, filed an application with the Gooding County Planning and Zoning office to obtain a CAFO permit to construct a new dairy. That permit could be granted only if the Board of Commissioners either allowed the moratorium to expire or adopted an ordinance permitting CAFO's. The Board may have been unwilling simply to allow the moratorium to expire, however. Thus, as a practical matter the CAFO permit sought by Commissioner Henslee's employer could be granted only if the Board adopted an ordinance permitting CAFO's. On February 8, 1999, the Board met to consider the adoption of an ordinance that would permit new CAFO's, and Commissioner Henslee participated in that proceeding. Under these circumstances, the district court did not err in finding that Commissioner Henslee's conduct on February 8, 1999, violated Idaho Code § 67–6506. That finding, however, does not render Ordinance 66 void.

On February 9, 1999, the Board of Commissioners again met to consider the proposed ordinance. Commissioner Henslee was not present during that meeting. The two remaining Commissioners continued to discuss changes to the proposed ordinance, with input from the prosecuting attorney and another person present. They eventually recessed the meeting to type the proposed changes. They then reconvened and adopted the ordinance as amended. Under these circumstances, the adoption of Ordinance 66 on February 9, 1999, was sufficiently independent of the proceedings the day before to purge the taint of Commissioner Henslee's participation in those proceedings. Therefore, the district court erred in holding that Ordinance 66 was void.

■ The Wybengas also request attorney fees on appeal under Idaho Code § 12–121. Because they are not the prevailing parties, they cannot be awarded attorney fees under that statute.

### III. CONCLUSION

The order of the district court holding that Ordinance 66 was void is reversed, the judgment dismissing Gooding County's complaint is vacated, and this case is remanded for further proceedings. Gooding County is awarded costs on appeal.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.