91 P.3d 1123

**NEZ PERCE TRIBE, Plaintiff–Respondent,**

v.

**LITTLE HOPE INVESTMENTS, L.L.C., Defendant–Appellant,**

and

**Michael Axtell, Esther Axtell, and the Unknown Owners of the following real property described with particularity in the Nez Perce County Sheriff's Deed attached as Exhibit A, Defendants.**

**Little Hope Investments, L.L.C., an Idaho limited liability company, Third Party Plaintiff–Appellant,**

v.

**Randy Kingsbury, Sheriff of Nez Perce County, Idaho, and Nez Perce County, Idaho, Third Party Defendants–Respondents.**

No. 29287.

Supreme Court of Idaho, Boise, April 2004 Term.

May 21, 2004.

Jack L. Curtin, Juliaetta, argued for appellant.

Clements, Brown & McNichols, Lewiston, for respondents Nez Perce County. Bentley G. Stromberg argued.

David J. Cummings and Julie S. Kane, Lapwai, for respondents Nez Perce Tribe. David J. Cummings argued.

BURDICK, Justice.

## FACTS AND PROCEDURAL BACKGROUND

Michael and Esther Axtell, husband and wife, the owners of real property located in Nez Perce County, obtained a loan from Beneficial Mortgage Company of Idaho in February 1997. The loan documents described the property as three separate parcels, although the Axtells' 1996 survey that was recorded with the Nez Perce County Recorder's Office divided the property into (1) a one-acre parcel and (2) Tract A, which was later to be described as parcels 1, 2, and 3. The Axtells defaulted on the loan, and Beneficial brought a foreclosure action, which ultimately resulted in the issuance of a deed of foreclosure providing for sale of the real property "in the following order: Parcels 1, 2, and 3 first and then parcel 4."

In the judicial foreclosure proceedings, the district court issued a Corrected Deed of Foreclosure containing findings that the Axtells were in default of the loan; the debt was secured by Beneficial's deed of trust on property described as parcels 1, 2, 3, and 4; and directing the sheriff to sell parcels 1, 2, and 3 first and then parcel 4; and directing the sheriff to issue a sheriff's deed after the applicable period of redemption expired. The sale took place on September 11, 2000. Axtell did not appeal the legal description in the judgment nor move for setting aside of the sheriff's sale because of the legal description within a reasonable time.

At the foreclosure sale, the Nez Perce Tribe purchased parcels 1, 2, and 3. The Tribe received a sheriff's deed to the property on March 21, 2001, six months and ten days after the sale. The Tribe duly recorded the sheriff's deed.

Three hundred sixty-four days after the sheriff's sale, the Axtells executed and recorded a quitclaim deed and an assignment of their redemption rights regarding parcels 1, 2, and 3 in favor of Little Hope Investments, LLC ("Little Hope"). On that same day, Little Hope, in an attempt to exercise a redemption and obtain a deed of reconveyance, tendered the full amount paid by the Tribe for the subject parcels to the sheriff.

The Nez Perce Tribe brought a quiet title action in February 2002 against the Axtells and Little Hope Investments, LLC, the successor in interest to the Axtells and assignees of the Axtells' redemption rights on the foreclosed property. Little Hope Investments, LLC filed a counterclaim seeking a declaration that the Tribe had no right, title or interest in parcels 1, 2, and 3 and seeking an order requiring the sheriff to issue a deed of reconveyance and for money damages for the failure to issue said deed.

The Tribe, the County and the sheriff filed a motion for summary judgment, which the district court granted after concluding (1) that the applicable period of redemption on the subject parcels consisting of less than twenty acres each was six months and (2)

that the efforts of Little Hope Investments, LLC after that period were ineffectual. As an alternative basis for his ruling granting summary judgment to the County, the district judge also held as a matter of law that Little Hope's claim against the County is not a recognized tort under Idaho law. Little Hope earlier stipulated to the dismissal of the asserted claims against the sheriff personally.

Little Hope Investments, LLC appeals the summary judgment motion in favor of the Nez Perce Tribe and the County. Little Hope contests the district court's interpretation of the time within which redemption was available, claiming that the words "tract of land" in I.C. § 11–402 are not defined and not distinguished from "multiple parcels." Little Hope argues that the sale of the property as separate parcels should not preclude redemption of the property as a single tract. Little Hope also argues that the actions or omissions of the sheriff, as agent of Nez Perce County, in selling the property do indeed constitute a tort, which it should have been allowed to pursue.

## STANDARD OF REVIEW

When considering a ruling on a motion for summary judgment, the standard of review is the same as that used by the trial court in ruling on the motion. *Baxter v. Craney,* 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). All disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Eagle Water Company, Inc. v. Roundy Pole Fence Co., Inc.,* 134 Idaho 626, 628, 7 P.3d 1103, 1105 (2000). Summary judgment is appropriate only when the pleadings, depositions affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c).

## ANALYSIS

The cloud on the Nez Perce Tribe's title was created by the recording of the Axtells' quitclaim deed to Little Hope Investments, LLC of Parcels 1, 2, and 3 and an assignment of the Axtells' redemption rights referring to the real property described in Exhibit A of the Corrected Deed of Foreclosure dated July 11, 2000. The purported conveyances were dated September 10, 2001, which was 364 days from the date of the foreclosure sale on the property described therein.

In its motion for summary judgment, the Nez Perce Tribe asserted that no genuine issues of material fact existed and that the Tribe was thus entitled to judgment as a matter of law and clear title to the property purchased at the foreclosure sale of September 11, 2000. According to the Tribe's motion, the undisputed facts were that the Axtells, the defaulting party, had consented to describe the property as three separate parcels as a condition for obtaining financing from Beneficial and that from that time (February 1997), the property description was dealt with by the court and other county officials as three separate parcels, and the sheriff sold each of the parcels separately. The Tribe alleged that the Corrected Decree of Foreclosure entered by the district court on July 11, 2000, referenced the Axtells' deed of trust and accompanying "Exhibit A," which contained three distinct legal descriptions for Parcels 1, 2 and 3. Further, the Corrected Decree, at paragraph 4, provided that the property described in Exhibit A "shall be sold by the Sheriff of Nez Perce County, Idaho, according to law, in the following order: Parcels 1, 2, and 3 shall be sold separately first and then Parcel 4." The court's order is not ambiguous. It instructed the sheriff to sell parcels 1, 2, 3 and 4 in that order. It is undisputed that the Nez Perce Tribe purchased each of the three parcels at the sale, and that on March 21, 2001, it was issued a sheriff's deed listing the three parcels. Parcel 4 was not sold as parcels 1, 2, and 3 paid the foreclosure judgment and all costs.

The issue raised by Little Hope on appeal requires the Court to decide the applicable redemption period relative to the Axtells' property, which was the subject of the foreclosure action. Little Hope argues that no appellate court has yet construed the language of I.C. § 11–402 governing redemptions or ruled on whether the sale of the

property in separate parcels pursuant to I.C. § 11–304 necessarily dictates that redemption must in like manner be of separate parcels, thus invoking a six-month redemption period.

Idaho Code, Section 11–402 provides in pertinent part:

> The judgment debtor or redemptioner may redeem the property from the purchaser within one (1) year after the sale, *if the real property sold* consisted of a tract of land or more than twenty (20) acres, and within six (6) months after the sale *if the real property sold* consisted of a tract of land of twenty (20) acres or less, on paying the purchaser the amount of his purchase with interest thereon.... (Emphasis added.)

Little Hope asserts that the term "tract" is used but one time in Title 11, specifically in I.C. § 11–402, but no definition is provided in the statute. Idaho Code, Section 11–304, which outlines the conduct of sale, references "lots" and "parcels":

> [W]hen the sale is of real property, consisting of several known lots or parcels, they must be sold separately, or when a portion of such real property is claimed by a third person, and he requires it to be sold separately, such portion must thus be sold. The judgment debtor, if present at the sale, may also direct the order in which the property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles, which can be sold to advantage separately, and the sheriff must follow such directions.

Little Hope asserts that a "tract" does not only refer to property with a description that does not encompass multiple parcels. In other words, Little Hope argues that the separately described parcels are still a "tract" and for purposes of redemption can be treated as one "tract." Little Hope claims I.C. § 11–402 and § 11–304 make the statutory scheme ambiguous; and the question of whether or not the three parcels constitute a "tract" is a question of fact, which precludes summary judgment.

■■■ Interpretation of a statute is a question of law over which a court will exercise free review. *Gooding County v. Wyben-*

*ga,* 137 Idaho 201, 46 P.3d 18 (2002). Statutory interpretation begins with the literal words of the statute, giving the language its plain, obvious and rational meaning. *International Ass'n of Firefighters, Loc. No. 672 v. City of Boise City,* 136 Idaho 162, 30 P.3d 940 (2001). Where a statute or constitutional provision is clear, the Supreme Court must follow the law as written and, thus, when the language is unambiguous, there is no occasion for application for rules of construction. *Sweeney v. Otter,* 119 Idaho 135, 804 P.2d 308 (1990).

■ The language of Idaho Code, Section 11–402 provides that the judgment debtor may redeem the property "within one year after the sale, if the real property sold consisted of a tract of land of more than twenty acres." Little Hope's argument appears to be premised upon an earlier description of the property as a single tract in the title documents of Michael Axtell, the registered agent of Little Hope Investments, LLC and its predecessor in interest. That description, however, was revised in consideration of monies received by Michael Axtell from Beneficial. Only because the three parcels ultimately went to the same buyer as a result of sales conducted on the same day is Little Hope able to assert this argument. Moreover, any alleged intent of the prior owner or Little Hope to treat the separately described, adjacent and contiguous parcels as a single tract is irrelevant to a statutory interpretation.

The unambiguous language of the statute compels consideration of the sale of each parcel, consisting of less than twenty acres, which therefore implicates the six-month redemption period. This interpretation supports the intent of the statute and promotes the policy underlying the mandate of I.C. § 11–304 that "real property, consisting of several known lots or parcels be sold separately" at a sale under execution. Accordingly, the statutory scheme allows a lender to recover its investment in a more expeditious manner, that is, through a sale that is subject to a shorter period of redemption as well as offering the debtor more flexibility to pick

and choose which of the smaller lots or parcels he can afford to redeem.

Idaho Code § –11–402 is not ambiguous. It allows the judgment debtor to redeem the property as originally sold. Under I.C. § 11–304, a judgment debtor has the right to be present at the sale and "may also direct the order in which the known lots can be sold to advantage separately," and the sheriff must comply. As such, consistent with the judgment of foreclosure, the debtor can be assured that the parcels, lots or tracts sold are the exact ones he later has a right to claim upon redemption.

Idaho Code § 11–402 also gives guidance to the sheriff as to which description of the real property a person claiming redemptive rights the sheriff can allow to be redeemed. Reading I.C. § 11–304 and § 11–402 in *pari materia* leads to the inescapable conclusion that however the property sold is defined at the time of sale dictates the lots, parcels, or tracts subject to redemption. By freezing the configuration of the land at the time of sale, the parties, sheriffs, title companies and others all know what can be redeemed and in what configuration. Following this line of reasoning, an objection may be raised at the time of sale or after entry of the judicial order of foreclosure via post-trial motions or appeal. None of these options were exercised in this case.

Because the sheriff conducted the sale of the property consistent with the court order without objection at the time of the sheriff's sale, the causes of action against Nez Perce County and its sheriff are dismissed also.

### CONCLUSION

The Court affirms the judgment of the district court quieting title in the Nez Perce Tribe to Parcels 1, 2, and 3. Costs to respondent.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.